———— ✦⚬0⚬✦ ————

DUNNICA, Plaintiff in Error, v. COY *et al.*, Defendants in Error.

1. Where a party purchasing land causes the legal title to be placed in a third person with a view to defraud his creditors, there will be a resulting trust to himself for the benefit of such creditors, and this interest may be seized and sold on execution under a judgment against him in favor of one of those creditors ; and the purchaser may then, in a proceeding instituted for that purpose, and upon proving the alleged fraud, have a decree vesting the legal title in himself, and for the possession of the land, and an account of the rents that may have accrued since his purchase.
2. Before, however, he can become entitled to such relief, the title acquired by him at the execution sale must be perfected by the execution of the sheriff's deed.

### Error to Chariton Circuit Court.

Demurrer to a petition.   John Coy, Elizabeth Coy, Collins Coy and John Prewitt were defendants.   Plaintiff set forth in his petition substantially that John Coy, being indebted to him, afterwards became entitled to an interest in certain slaves and other personal property as one of the children of Frances Coy, deceased ; that at this time he was insolvent ; that for the purpose of defrauding, hindering and delaying his creditors, he sold the interest in the slaves, &c., to his brother Collins Coy ; that Collins Coy, as a part or whole consideration for this sale, sold to said John Coy certain described tracts of land ; that the title bond for said tracts of land was made to Prewitt in trust for Elizabeth Coy and her minor children ; that Prewitt accepted the trust, well knowing that the consideration passed from John Coy, and that the same was made for the purpose of de-

frauding the creditors of John Coy; that this agreement was entered into by defendants by a fraudulent combination and collusion in order to defraud the creditors of John Coy; that he (plaintiff) obtained a judgment for his debt; that an execution was issued thereunder and the above mentioned real estate sold as the property of Coy; that plaintiff became the purchaser at the sheriff's sale. Plaintiff prays the court to set aside the pretended contract to Prewitt; that Collins Coy be compelled to convey the land to plaintiff; that John Coy be decreed to give the possession to plaintiff; also that he have judgment against John Coy for the sum of forty dollars per year for the use and occupation of said land from the date of the sale, &c.

A demurrer to this petition was sustained.

*Shackelford*, for plaintiff in error.

*Turner*, for defendant in error.

LEONARD, Judge, delivered the opinion of the court.

This judgment will be affirmed; but we proceed on grounds altogether different from those that have been suggested to us in the briefs. We decided at our last fall term at St. Louis, in the case of Rankin against Harper, (23 Mo. 579,) that where a father purchased land with his own money, in the name of a child, in order to defraud his creditors, there was a resulting trust to the father in favor of the creditors, which was subject to sale under our execution laws. In that case, the land was sold and *conveyed* by sheriff's deed to the plaintiff, who filed his petition stating these facts, and upon a trial and verdict he obtained a judgment vesting the legal title in him, and for the possession and damages. And at the same term, in the case of Eddy against Baldwin, we applied the same doctrine to a case where the alleged fraudulent purchase of the land sold under execution was made by the husband in the name of a stranger as trustee, upon expressed trusts, in favor of the wife.

According to these decisions, it would seem that, if the facts be in the present case as stated in the petition, and the plaintiff had completed his purchase by taking the sheriff's deed for the land bought, he would have become the beneficial owner of the property, and might have filed his petition to have the alleged fraud tried, and the trustee decreed to convey the legal title to him, and for the possession of the land, and an account of the rents that had accrued since the purchase. But the fatal defect in the petition is, it is not shown that the sheriff had executed a deed to the plaintiff, which of course was necessary to complete the purchase and transfer to the purchaser the rights of the judgment debtor in the land. This may have been an accidental omission on the part of the pleader, or it may be that the deed has never been made; but however the truth may be, we must assume upon this demurrer that there was no conveyance, and therefore the plaintiff was not entitled to the relief he asked.

Although a judgment creditor may, before proceeding to a sale of land alleged to have been fraudulently conveyed, go into equity for the purpose of having the question of fraud there tried, and the land sold under a decree for that purpose and the proceeds applied to the payment of his debt, yet this petition does not seem to have been framed with any view to that kind of relief, and we are not perhaps at liberty to treat it as such, after the party's averment of the execution sale, even if the allegations of the petition were otherwise sufficient to entitle the plaintiff to the other relief indicated.

The judgment upon the demurrer must therefore be affirmed, and the party will then of course complete his purchase by taking a deed, and afterwards institute such fresh proceedings as he may deem appropriate to his case. The judgment is affirmed.