LUMLEY, Plaintiff in Error, v. ROBINSON, Defendant in Error.

1. Where land is sold and a title bond given by the vendor, the interest of the vendee may be seized and sold under an execution against him.

2. Should, however, the vendor, under a judgment rendered in his favor for the purchase money or a portion thereof, levy upon the interest of the vendee and purchase in the same at the execution sale, he will stand just where he stood before the sale; the vendee will still be entitled to a conveyance upon the payment of the purchase money.

3. To entitle the vendee, in such case, to a decree of title, his petition must contain an offer to pay the purchase money due.

## Error to Morgan Circuit Court.

The petition of plaintiff, Thomas Lumley, jr., set forth that on the 31st day of July, 1854, he purchased of defendant, Sidney S. Robinson, two several tracts, [describing them,] one tract containing forty acres, the other containing one hundred and sixty acres; that he paid to defendant one hundred dollars in hand, and executed and delivered to defendant three several promissory notes, each dated July 31, 1854— one for $300, payable December 20, 1854; one for $166.66, payable December 20, 1855, and one for $166.66, payable December 20, 1856;—that defendant obligated himself to convey said land to plaintiff upon the payment of each and all of said notes; that Robinson instituted suit upon the note for $300 and recovered judgment April 7, 1855; that he caused an execution to be issued on said judgment; that said execution was levied on the above tracts and also upon another tract owned by plaintiff, Lumley; that on the 11th of October, 1855, the sheriff sold all the right, title and interest of Lumley, and that Robinson became the purchaser; that in making the sale the sheriff sold in a body the first two tracts above mentioned, being the tracts purchased by Lumley from Robinson, and that Robinson purchased the same for $100; that the sheriff afterwards sold the third tract above mentioned to Robinson for $100; that plaintiff had no other right or interest in the tracts first sold than that acquired by his purchase from Robinson; that the promissory notes, except the first, are still outstanding, and are in the hands of defendant; that if he, Lumley, had an interest in the tracts purchased by him from Robinson which was subject to sale under and by virtue of said execution, the levy, sale and purchase by defendant of said lands was and is a complete satisfaction and discharge of all liability or indebtedness on his part to defendant for and on account of the purchase by plaintiff Lumley, and the sale of the other lands was irregular and void; that the sheriff has made a deed, dated October —, 1855, conveying said tracts to Robinson.

24—VOL. XXVI.

"Plaintiff asks that the sale of said lands, except those purchased from defendant, be set aside; that the sheriff's deed be delivered up and cancelled, and that defendant be compelled to deliver to plaintiff his two promissory notes above described, and to enter satisfaction of his said judgment, and for all other such orders and judgments in the premises as to the court may seem just."

The defendant demurred to the above petition. The court sustained the demurrer.

*Ross* and *Edward & Ewing*, for plaintiff in error.

I. Lumley had no interest in the land bought ·by him of Robinson which was subject to sale under Robinson's execution. This being the case, the plaintiff was entitled to have the sale set aside. The defendant may answer that the plaintiff has not prayed for such relief. The plaintiff is entitled to any relief consistent with the facts of the case, whether he has prayed for it or not. If Lumley had an interest which was subject to sale under Robinson's execution, then Robinson takes under his purchase at the sheriff's sale just as any other purchaser would have taken; that is, Robinson said in effect by his bid at the sheriff's sale that he would discharge the encumbrance and pay $100 for Lumley's interest in the land. This is what any other purchaser would have had to do before acquiring a title at such sale. If a stranger had purchased he would have had to pay off the encumbrance before he could demand the title from Robinson. So Robinson must do the same; the law will regard the debt as discharged and require the notes to be cancelled. If the sale to Robinson stands and he is allowed to collect the balance of the purchase money, he manifestly got what no other purchaser at sheriff's sale could acquire, both the legal and equitable title, free from encumbrance; whilst another purchaser would have acquired only Lumley's equitable interest, subject to Robinson's lien for the unpaid purchase money. He buys discharged of the lien, whilst another would have bought subject to the lien. The law allows no judicial sal

where one purchaser has such advantage of another. (See McNair v. O'Fallon, 8 Mo. 188; Broadwell v. Yantes, 10 Mo. 398.)

*Morrow* and *Wright*, for defendant in error.

I. The demurrer was properly sustained. There is no prayer in the petition to set aside the sale of the property previously purchased by Lumley of Robinson.

II. There is no equity in the petition. If Lumley, as he insists, had no interest subject to sale on execution, then Robinson's purchase at the sheriff's sale was a nugatory act. He acquired nothing by that purchase, nor was his undoubted right to buy the other tract, or his right to collect the residue of the purchase money, affected by it in the least.

III. Lumley had an interest that could be sold on execution. (Brant v. Robertson, 16 Mo. 149.) There is no rule of law forbidding the vendor, Robinson, to purchase this interest. The purchase by him was good and binding. But if Robinson had no right to buy for his own benefit, would not the sale enure to Lumley's benefit? It is in the option of the *cestui que trust* to set aside a purchase made by a trustee on his own account. (1 Sto. Eq. § 422.) Lumley does not choose to regard the bid made by Robinson as made for himself. He has not offered to pay the balance of the purchase money or complied in all respects with his contract. He has, therefore, no right to complain, at least in the form now presented.

NAPTON, Judge, delivered the opinion of the court.

The mode of enforcing the equitable mortgage of a vendor's lien upon the land sold is a subject which has several times been considered by this court. (McNair and others v. O'Fallon and others, 8 Mo. 188; Broadwell & Dyer v. Yantis, 10 Mo. 378; Calmes v. Talbot and others, decided in 1849 and not published.)

It is not denied that under our statute the interest of the vendee is saleable under execution, but where the execution

under which the sale is made is upon a judgment obtained by the vendor in a suit for the purchase money or a portion of it, the effect of such a sale has been always attended with difficulties. Where the purchaser is a stranger, the embarrassment is increased; for, where the plaintiff in the execution buys himself, we should feel no hesitation in saying that his purchase has not advanced him a particle, and that he stands just where he did before the sale. He has not extinguished the mortgage, and a court of equity would still convey the title to the vendee upon his paying up the purchase money.

Where the purchaser at a sale of this charter is a stranger, it may happen that other notes than the one sued on are still due, and these notes may be in the hands of the vendor, or they may have been previously assigned to third persons. In either event the subject is attended with confusion. A more embarrassing case than either would be where only a very small proportion of the purchase money is due, as was the case in Calmes v. Talbot and others (heretofore referred to), and in this way the title of the mortgagee or vendee be transferred to the purchaser at the execution sale for a mere song. Chancellor Kent alludes to these difficulties in Tice v. Annin, 2 John. Ch. 127, and seems to entertain no doubt that a court of equity would compel the vendor or mortgagee to assign over to the vendee or mortgagor the bonds and mortgage, so that he may compel the purchaser of equity to refund him the debt out of the land charged. For instance, if a tract of land is sold for five thousand dollars and the purchase money is all paid but five hundred dollars, and the vendor sues upon the note for five hundred dollars and gets judgment and levies execution on the land, the purchaser, by bidding five hundred dollars, extinguishes the debt and gets the legal and equitable title. It is plain, however, that if matters remain in this condition, the original vendee has lost his four thousand five hundred dollars and the land too, and it would be equitable, according to the doctrine of Ch. Kent, to compel the vendor to assign over

the equitable mortgage, which his lien on the land created, to the vendee, in order that he might get from the purchaser of the land the amount paid to the original vendor. This, of course, must proceed upon the hypothesis that the purchaser is buying not the mortgagor's equity only, but the mortgagee's legal title, or rather it is hard to say what he was buying. The amount is, that a court of chancery will so treat the whole transaction as ultimately to attain the same equitable results to all the parties concerned as would have been the effect of a bill of foreclosure. (See Crafts v. Aspinwall, 2 Comst. 291.)

The effect of purchases by third persons, other than the vendor, is not material to be considered or decided here, nor is it probable that the question will ever be important, for the reason that such cases will not occur. All the cases which have ever been up in this court, have been cases of purchases by the plaintiff in the execution. Strangers will not buy at such sales, because they do not know what they are buying.

In Pennsylvania the subject is disposed of in a very plain and equitable manner. The sale under an execution in cases of this kind is regarded as a sale of the whole title, both of the vendor and vendee. The vendor, by putting up the land for sale under his own execution, to enforce the collection of the purchase money, is understood as offering his own title as well as that of the vendee, and the purchaser bids as in other cases for the land unencumbered, and the purchase money goes to extinguish the vendor's lien first, and the remainder goes to the vendee or judgment debtor, or to other execution creditors, where there are any. (Horbach v. Riley, 7 Ban. 81; Davy v. Lowe, 5 Watts, 412.) If we could adopt this doctrine and practice here, all embarrassment on the subject would cease and sacrifices of property be avoided; but such has not been the understanding of the law and such has not been the understanding of bidders at such sales. The statute law and practice under it on execution sales in Penn

Lumley v. Robinson.

sylvania differ from ours, and the intervention of the legislature would be necessary to introduce such a rule here.

This bill contains no equity; it contains no offer to comply with the contract and pay up the purchase money due.

In relation to the sale of the tract of land originally owned by Lumley, there is nothing in the petition to show that a court of equity would interfere. Whether the sale of this tract was so connected with the previous sale as to make it a part of the same transaction and entitled to share the same fate, is a matter about which not enough is disclosed in this bill to enable us to form any opinion. It will be time enough to consider these questions when the party comes into court with an offer to do what is equitable himself. This is the essential basis of all such demands for relief.

The other judges concurring, judgment affirmed.