HENRY C. ROGERS, Plaintiff in Error, *v.* JAMES M. CAREY, Defendant in Error.

1. *Deeds — Delivery a question of law where there is no dispute as to the facts.* —Where the facts touching the delivery of a deed are undisputed, their legal effect is simply a question of law, upon which the court may be required to pass.

2. *Conveyances — Sheriff's sale, purchase at — Delivery to purchaser against will of original grantee.* — The grantees in a deed containing a false description took possession thereunder, and their interest in it was sold on execution. A delivery afterward to the purchaser of a correct deed would not be a constructive delivery to the grantees, so as thereby to pass the legal title through them to the purchaser, when they refused to receive the instrument. There could be no delivery to the grantees without their express or presumed consent.

*Error to First District Court.*

*Ewing & Smith*, with *Burke & Howard*, for plaintiff in error.

The Circuit Court erred in refusing to allow the deed from Alexander to Carey and Stevens to be read in evidence. The land it described had been sold to Carey and Stevens, and they had entered into possession of same. The sale to Carey and Stevens and entry into the premises was a delivery and acceptance of the deed. Although the deed remained in Alexander's custody, it was constructively delivered, and he was a mere bailee

Rogers v. Carey.

thereof. (12 Johns. 536; 13 Johns. 285; 3 Mason, 398; 5 Humph. 411.) Actual delivery of the deed was not necessary to pass title to Carey and Stevens. It was sufficient if they purchased and Alexander sold the land to pass the legal title, without regard to who held the deed. (1 Saxton, 458.)

*Gordon*, and *Draffen & Muir*, for defendant in error.

I. The action of the court in excluding the deed purporting to be the deed of Alexander, from the jury, was proper and right, as it appeared that the deed had never been delivered. (4 Kent, 453.)

II. Under any view that may be taken of this case, the plaintiff has no right to complain. As he purchased of Burke, who purchased at sheriff's sale, he could only acquire such title as the defendants in the execution had in the land at the time of the sheriff's sale; and the delivery of the deed even to the execution debtor himself, subsequent to the sheriff's sale, would not inure to the benefit of the execution purchaser, for the reason that a sheriff's deed does not carry an indefeasible estate in fee simple absolute, but only operates to convey such an interest as the defendant in the execution may have at the time of the sale. (Gen. Stat. 1865, p. 442, § 3; 39 Mo. 537.).

III. This being an action of ejectment, the plaintiff was bound, before he could recover, to show that he had the legal title to the land sued for; and having failed to do this, he was properly nonsuited. (33 Mo. 219.)

BLISS, Judge, delivered the opinion of the court.

This is an action of ejectment by one who claims title through a purchase at sheriff's sale upon execution. Some years since, one Alexander sold to Carey and Stevens, the execution defendants, a lot of land, claimed to be the one in controversy, but in drawing his deed described another parcel of land. Afterward judgments were rendered against said Carey and Stevens, and the land, as described in the deed, was bid in by one Robinson, who by the same description conveyed to defendants. Burke, the attorney for the plaintiffs in execution, was advised of this alleged

error in the description, caused other executions to be issued upon the same judgments, bid the property in, received a sheriff's deed of the land by (as he claims) a correct description, and deeded the same to the plaintiff. Shortly after the last sale, in order to perfect the title of Carey and Stevens and make the sale operative, Burke obtains from Alexander a deed to them of the land which he alleges was intended to be sold; but this deed was never delivered to the grantees, and it is in evidence that Carey and Stevens had before expressly refused to receive it.

The plaintiff, to sustain his title, offered in evidence the deed so obtained by Burke, which was ruled out upon the ground that it was never delivered to the grantees. The court thereupon instructed the jury that the plaintiff had shown a title to the premises, and he took a nonsuit, followed by the usual motions, which were overruled, and the District Court sustained its action.

The plaintiff complains of this action of the Circuit Court upon two grounds. First, he contends that the question of delivery was one of fact, to be left to the jury; and, second, that the court was wrong in holding that there was no delivery. Upon the first point it is only necessary to say that when the facts are undisputed, their legal effect is a question of law upon which the court may be required to pass, so that the second is the only point to be considered.

The plaintiff does not pretend that there was an actual personal delivery, but claims that inasmuch as the grantees had taken possession of the land, and their interest in it had been sold upon execution, a delivery to the purchaser should be held to be a constructive delivery to them, notwithstanding they refused to receive it, and notwithstanding such purchaser was not in possession.

I have examined most of the authorities within reach upon the subject of delivery of deeds, and find nothing to warrant this claim. A person can not be held to have received a deed against his own consent. He may, in a proper case, be compelled to take it by an order of court, but otherwise it must be considered a voluntary act. This voluntary act need not be affirmatively proved, for if the obligee or grantee have the instrument in possession, it is *prima facie* evidence of delivery. (Games v.

Stiles, 14 Pet. 322; Ward v. Lewis, 4 Pick. 520; Green v. Yarnall, 6 Mo. 326, and many other cases.) In Maynard v. Maynard, 10 Mass. 456, and in Sampson v. Thornton, 3 Metc. 275, it is held to be no delivery if the grantor execute the deed and send it to be recorded without the consent of the grantee. Subsequent assent, however, makes the delivery good. (Cooper v. Jackson, 4 Wis. 537; Rathbun v. Rathbun, 6 Barb. 98; Boody v. Davis, 20 N. H. 140.) In Ohio, however (Lessee of Mitchell v. Ryan, 3 Ohio St. 377), in a well-reasoned opinion, it is held that a deed of gift from a father to a child, sent to record without the knowledge of the child, was presumed to have been delivered, and that that presumption can only be rebutted by proof of actual dissent or refusal to receive it. (See also Tibbals *et al.* v. Jacobs *et al.*, 31 Conn. 428.) In Hulick v. Scovill, 4 Gilm. 159, the authorities pertaining to the delivery of deeds are elaborately reviewed; and though two of the judges dissent from the opinion of the court, yet all agree that there can be no delivery without the express or presumed consent of the grantee or party in interest.

It was once held that a disclaimer by deed was necessary, or a delivery would be presumed; but the annotators to Coke, in a note to Butler and Baker's case (3 Coke, 26 *b*), say: "According to the modern decisions, though the law presumes that a party to whom a devise or other conveyance is made will assent until the contrary be proved, yet there must be the assent of the party before any interest in the property can pass to him. (Bonifant v. Greenfield, 2 Leon. 60; Cro. Eliz. 80; Thomson v. Leach, 1 Ventr. 198; Townson v. Tickell, 3 B. & Ald. 31.) And therefore it appears to be the better opinion that the disclaimer need not be either by matter of record or by deed." (3 B. & Ald. 38, 39.)

A delivery is sometimes presumed when there has been no change in the possession of the instrument, as when a purchase has been consummated by the payment of the purchase money, and by the formal execution and attestation of the deed in the presence of the purchaser, and nothing further remains to be done. In such case the deed shall be presumed to have been

delivered, unless a contrary intention appears, notwithstanding it may be left in the hands of the grantor. (Farrar v. Bridges, 5 Humph. 411.) And see Crawford v. Bertholf, 1 Saxton, N. J., 467–8, and Mills v. Gore, 20 Pick. 28, where the manifest intent rebuts the presumption of delivery. So, delivery to a stranger, with proper declaration of intention, will operate though the grantee at the time had no knowledge of it (1 Shep. Touch. 57 ; 12 Johns. 421) ; but it is not claimed that the deed will take effect if the grantee repudiate it.

The cases that seem to be most like the one at bar are where the delivery is made to a person interested in the grant, as agent, guardian, or *cestui que trust*. (Verplank v. Sterry, 12 Johns. 536; Morrison v. Kelly, 22 Ill. 610 ; 2 Gilm. 557.) In such cases the delivery would seem to be made to the proper person, for one who has the care and custody of an infant, or is an agent, or is otherwise acting on behalf of a grantee, is presumed to be authorized to act for him, and the beneficiary of a trust deed has certainly a greater interest in it than a mere trustee.

But Burke holds no such relation to the grantee of the deed in question as to bring him within the scope of those cases. There was no contract, no privity, no legal relation, no inurement even between them. He was simply the purchaser *in invitum* of the parties' interest in the land, and no subsequently-acquired interest could inure to him. It might be a question whether a holder of lands, by a chain of conveyances granting " an indefeasible estate in fee simple," so that an after-acquired title in any of the grantors would inure to him, might correct a mistake in one of them by procuring a delivery of a correct deed to himself instead of the grantee of the deed; or whether, if the grantee refuse to receive it, he would not be bound to judicially establish the mistake, and obtain an order for its correction. But the relation of Burke differs so much from that of such supposed holder that we are not called upon to consider the question.

Nor are we now called upon to consider whether Carey and Stevens had such an interest in the land as could be sold upon execution. We have always held the interests of purchasers by

contracts, especially when such contracts had been paid in full, to be so vendible. (Brant v. Robinson, 16 Mo. 149; Anthony v. Rogers, 17 Mo. 394; Lumley v. Robinson, 26 Mo. 364.) And we have also held that when fraudulent debtors procure conveyance of land to others, or themselves make such conveyance, there is a resulting trust in them for the use of their creditors, which can be sold upon execution. (Rankin v. Harper, 23 Mo. 579; Herrington v. Herrington, 27 Mo. 560; Dunnica v. Coy, 24 Mo. 167; Eddy v. Baldwin, 23 Mo. 588; Peyton v. Rose, 41 Mo. 257.) But in the various other cases that have arisen, the court has held the sale of the equity under consideration to have been invalid.

The question of delivery spoken of is the only one necessarily involved in the record. A stranger, for a nominal consideration, purchases a debtor's interest in property, which the latter disclaims by refusing the new deed. It is not necessary to say whether or not he purchased an equity that can be enforced upon proper proceedings; but we have no hesitation in holding that by such purchase he did not put himself in a position to obtain a legal title to the land by accepting a deed on behalf of, and at the same time against the will of, the grantee.

The other judges concurring, the judgment will be affirmed.