Morgan v. Bouse.

WILLIAM M. MORGAN, Defendant in Error, *vs.* FREDERICK Bouse, Plaintiff in Error.

| 53 | 219 |
| 112 | 134 |
| 112 | 351 |
| 53 | 219 |
| 118 | 594 |
| 53 | 219 |
| 80a | 336 |

1. *Practice, civil—Demurrer as to cause of action must specify what.*—Where plaintiff states no cause of action whatever, a demurrer merely alleging that the petition "does not state facts sufficient to constitute a cause of action," without further specifying in what particulars the pleading is defective, is nevertheless a good demurrer. But where the petition states a cause of action, a demurrer which goes to some minor, and not necessarily fatal imperfections must specifically state them.

2. *Execution—What estate vendible under—Purchase—Possession—Specific performance.*—The purchaser of land who has paid the purchase money and taken possession, has an estate therein which is vendible on execution, notwithstanding the fact that by mistake the deed described other land. And the purchaser at the execution sale will succeed to all the rights which the judgment debtor had, to sue the original grantor for specific performance or reformation of the deed.

## Error to Henry Court of Common Pleas.

*J. Ladue,* for Plaintiff in Error.

I. Defendant in the execution had no equity which was vendible by execution sale. (Rogers vs. Carey, and authorities there cited, 47 Mo., 232.)

II. "A sheriff's deed operates only on the existing title, and does not pass a subsequently acquired title." (White vs. Davis, 50 Mo., 333.)

*McBeth & Price,* for Defendant in Error.

I. The statute is imperative that "the demurrer shall distinctly specify the grounds of objection;" and unless it does so, the demurrer "should" be disregarded. (See McClurg vs. Phillips, 49 Mo. 315; Alnutt vs. Leper, 48 Mo., 319.)

II. The petition alleges that plaintiff in error, purchased the land, paid the purchase money, and was in the actual possession of the lands. Hence, he had an interest in the lands subject to sale on execution.

III. Jones & Eli were trustees of Bouse, holding the bare legal title for him; (Hill Trust. side page 171, also Sto. Eq. Jur., Vol. 1, § 790, 2nd. Vol. § 1212,) and Morgan at the execution sale became subrogated to his right; and Jones and Eli became trustees of Morgan. (Rankin vs. Harper, 23

Mo., 579; Dunnica vs. Coy, 24 Mo., 167; Phillips vs. Edmonson, 17 Mo., 579; Hatch vs. Wagner, 15 Ill., 127.)

SHERWOOD, Judge delivered the opinion of the court.

Morgan filed his petition in the nature of a bill in chancery in the Henry County Court of Common Pleas against Bouse, alleging in substance that the latter had in the year 1860, purchased certain land of one Jones and of Eli, had paid the purchase money and taken possession of the land so purchased, but that by mistake, Jones and Eli failed to convey the land actually purchased, and taken possession of, but conveyed other and different land, which neither Jones nor Eli intended to sell nor Bouse intended to buy; that in 1863, judgment was rendered in the Henry Circuit Court in favor of Blanton and against Bouse, for a certain sum; that execution issued on that judgment, and was levied on the land, which defendant had purchased, and of which he was at the rendition of the judgment in the actual possession, and the same was sold under said execution and levy, while defendant was still in the possession; that at such sale, plaintiff became the purchaser of all the right title, estate and interest of defendant in the land, and shortly after, receiving a sheriff's deed therefor, entered into the peaceable possession of the land so purchased by him at execution sale; that defendant never had had recorded the deeds which he procured from Jones and Eli at the time of his purchase in 1860; but long after plaintiff had taken possession of the land purchased by him, at sheriff's sale, the defendant surrendered to Jones and Eli, the deeds which misdescribed the land, and for the original, and for no additional consideration, received from them new deeds containing a correct description of the land actually bought by the defendant, being the same land of which he had under his purchase taken possession, as above recited; that the deeds last mentioned were executed by Jones and Eli, for the purpose of correcting the mistakes in the deeds which were surrendered. The petition concludes with a prayer, that defendant be compelled to convey to plaintiff, the legal title

thus by him acquired, and in default thereof, that the court would accomplish the same end by its decree. To this petition, the defendant demurred, assigning substantially as grounds therefor: First—That there were no equities in the petition,which entitled the plaintiff to the relief prayed for; Second—That the petition showed that the defendant, at the time of the execution sale, had no interest in the land which could be sold under execution sale; Third.—That it appeared from the face of the petition, that it stated no facts sufficient to constitute a cause of action. The petition was held sufficient, and the defendant declining to plead further, a final decree was entered for plaintiff, to reverse which this cause comes here on writ of error. There was nothing objectionable in the demurrer, as to matter of form, and it sufficiently raised the points which the pleader was desirous of having considered. When the petition fails to state a cause of action, a demurrer assigning this ground, in the language of the statute, has been held sufficient. (Bank of Mo. vs. Haden, 35 Mo., 358.) If, however, the petition does state a cause of action, objections which go to some minor and not necessarily fatal imperfection, will, in order to meet the requirements of the statute, have to be specifically stated.

Our statute respecting executions, subjects to levy "all real estate whereof the defendant or any person for his use was seized in law or equity, at the time of the issue and levy of the attachment or rendition of the judgment, whereon execution issued, or at any time thereafter."

Bouse, as the demurrer confesses to be true, was in the possession of the land in controversy, and had been in possession of the same for years as the owner, and was thus in possession at the time of the sale under execution. There is no doubt but that a mere barren equity, or "equitable chose in action" unaccompanied by possession of the land, would not render that land vendible under execution, as the property of him whose rights were of such a shadowy and intangible character. This was so ruled in McIlvain vs. Smith, 42 Mo., 45, and in that case, it is expressly said, that Smith had no

possession or seizin of the land, no power to dispose of any estate in it, or in any way to enjoy its occupancy, collect its rents, nor could he call upon the trustee to execute a conveyance to him.

In Broadwell vs. Yantis, 10 Mo., 398., Nolly at one time had an equitable interest in certain lots, but previous to the judgment of Henderson, Nolly had sold his equitable title to the lots, and delivered possession to Yantis, and Yantis to Farrar, so that Nolly had neither possession nor interest, legal or equitable in the lots. And the Court in that case, well laid down this test: "There must be an interest in land which a court of law can protect or enforce, in order that it may be subject to the lien of a judgment and execution."

But a far different case, one widely distinguishable from those above referred to, is presented by this record. Here Bouse at the time Morgan's rights accrued, had paid the purchase money for, and gone into the possession of, the land which he had purchased, was in position to compel deeds from his grantors, or have reformation of those originally delivered to him; had such an interest in the land as would have been in the purview of a court of equity, devisable or descendible as real estate, (2nd Vol. Sto., Eq. Jur., §§ 790 and 1212), and could have protected his rights in the premises, by resort to either legal or equitable procedure, in accordance with the exigencies of the case, and the nature of the redress or relief demanded.

The case of Rogers vs. Carey, 47 Mo., 232, cited by counsel for plaintiff in error, is totally dissimilar to the one under consideration. That was an action of ejectment brought by one who had acquired the debtor's interest to the land under execution sale, and afterwards obtained from the original grantor, Alexander, (who it seems had made a mistake in the description of the land sold, in his first deed) a deed to the original grantees correctly describing the premises sold, and the court there held, that the only question necessarily involved in the record, was a question of delivery; and as the grantees Carey and Stevens had refused to receive the new deeds, and thereby disclaimed all

Morgan v. Bouse.

interest in the land, the fact that Alexander executed a deed to them, which was never delivered, would not amount to such a constructive delivery as would enable the purchaser at sheriff's sale, to maintain ejectment.

And the opinion in that case, also shows that the court did not consider it necessary to pass upon the vendibility of the debtor's interest under execution, (though citing a number of adjudicated cases in the State where such interests were held, thus vendible): nor upon the question whether the purchaser at judicial sale obtained by his purchase, an equity which could be enforced by proper proceedings. But so often as this court has passed upon the question, its decisions speak but the one language ; that wherever a party is in such a situation, with regard to land, as to be entitled to a decree, for specific performance, he then has such an interest therein as may be transferred by execution sale. And as a matter of course, when the law once annexes to the debtor's interest in land, the incident of transferability, it must manifestly follow, that the purchaser will immediately succeed to, and occupy the status of him, whose estate the sheriff's deed, purports to convey ; otherwise the statute, respecting execution sales, would be utterly inoperative, so far as regards equitable interests in lands. Nor does it at all alter the aspect of the case we are considering, that there was a mistake made in the deeds from Jones and Eli, to Bouse ; the only effect of that was, to multiply the equities of the latter, to add to his claim for specific performance, a right to a reformation of the conveyances.

For these reasons the demurrer was properly overruled, and the judgment will be affirmed. Judge Adams absent; the other judges concur.