TAYLOR v. DAVIS *et al., Plaintiffs in Error.*

**Deed : FRAUD.** A deed fraudulently obtained by the intended grantee will be void for want of delivery, and will convey no title even to an innocent purchaser.

*Error to Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

Plaintiff having contracted for the sale of his land to defendant, Davis, sent a deed properly executed and acknowledged to one Johnson with instructions to deliver the same to Davis, upon the execution by Davis of notes for the purchase money, with a deed of trust upon the land to secure the notes. Before receiving plaintiff's deed Davis sold the land to Shrigley. The next day he went to Johnson's house and asked to be allowed to have the deed in order to examine the record, but Johnson refused. On the following day Johnson left home, having first instructed his wife, if Davis came, not to let him have the deed, but to make him stay till he, Johnson, returned. Davis came in Johnson's absence, executed the deed of trust and notes according to agreement, left them for Johnson, and in spite of Mrs. Johnson's objections, carried off the deed from plaintiff. He then, in company with Shrigley, drove rapidly to the county seat, a distance of about twenty miles, and in the afternoon of the same day filed for record both the deed from plaintiff to himself and the deed from himself to Shrigley. This was on Saturday. On the following Monday, Shrigley executed a note and deed of trust upon the land to secure the note, which he and Davis together, on the same day, presented to the Nodaway Valley Bank for sale. The cashier of the bank being acquainted with plaintiff's signature, examined his deed on file at the recorder's office and satisfied himself that the signature was genuine. He also examined the county records, and it appearing that the

title was vested in Shrigley, he bought the note.   The deed from plaintiff contained an acknowledgment of the receipt of the purchase money.   The deed of trust given by Davis to plaintiff did not reach the county seat for record until the day after the purchase by the bank.   Neither the cashier, nor any other officer of the bank, at the time of the purchase, knew of its existence, or of the manner in which Davis had obtained possession of the deed from plaintiff; nor did any of them suspect any fraud.   Plaintiff brought this action against Davis, Shrigley and the bank to have all the conveyances canceled as a cloud upon his title.   There was a decree in his favor, and the bank sued out a writ of error.

*Botsford & Williams* for plaintiffs in error.

*Johnston & Jackson* for defendant in error.

SHERWOOD, C. J.—This case is too plain for any extended discussion, or the lengthy review of the authorities. There was no delivery of the deed, that instrument having been fraudulently obtained by Davis.   Consequently, no title passed to Davis or those claiming under him.   Therefore, judgment affirmed.   All concur.