HALL v. HALL, *Appellant.*

DIVISION TWO.

1. **Land:** CONVEYANCE: DELIVERY OF DEED. A delivery of the deed, actual or constructive, by the grantor and an acceptance by the grantee, or by some one for him, are essential requisities to cause it to operate as a complete and effectual conveyance.

2. ———: DELIVERY OF DEED: INFANT. Where a father in purchasing land has the deed executed in the name of a son less than two years old, the delivery of the deed to the father is a sufficient delivery to the son.

3. ———: ———: ———: ADVANCEMENT. Where the father in such case had but little property besides the money used to purchase the land and a part of it was his brother's, and he had before the purchase lived on the land and he made no provision for his wife or other members of his family, the presumption that the conveyance was intended as an advancement to the son is rebutted.

4. **Resulting Trust:** PAROL EVIDENCE. Parol evidence is competent to establish a resulting trust, the latter not being within the statute of frauds.

5. **Supreme Court Practice:** INSTRUCTIONS. A judgment in a civil cause will not be reversed because of the failure of the trial court to give all appropriate instructions.

6. ———: ———. Where, however, in such case there is an equitable answer and instructions are given which show that a material issue was not duly considered, a reversal will be directed.

*Appeal from Andrew Circuit Court.—*HON. A. W. ANTHONY, Judge.

REVERSED AND REMANDED.

*H. S. Kelley* and *J. A. Sanders* for appellant.

(1) The court erred in overruling defendant's instruction in the nature of a demurrer to the evidence. There was no delivery of the deed from Beecraft to plaintiff or to anyone for his use. *Newell v. Holdridge,*

43 N. W. Rep. (Minn.) 84. The defendant paid for the land and was the equitable owner, and had a right to hold the deed or dispose of it as he saw fit. *Newell v. Holdridge*, 43 N. W. Rep. (Minn.) 84, *supra*. (2) The plaintiff not being in possession of the land could not maintain an action to quiet title, so that the judgment on the second count of the petition is erroneous—the petition not stating facts sufficient to constitute a cause of action. *Graves v. Ewart*, 99 Mo. 13. (3) The court erred in refusing declarations of law asked by defendant, numbered 1 and 2. These instructions were based on the undisputed testimony in the case, and properly declare the law. *First.* Delivery and acceptance ordinarily are essential to the validity of a deed. There was neither delivery nor acceptance, in this case, of the deed. 2 Wash. Real Prop. 580-2; *Thulie v. Scoville*, 4 Gilm. 177. The fact of delivery must be determined by what is said and done after the execution of the deed. *Turner v. Carpenter*, 83 Mo. 333. *Second.* It is well-settled law that a deed takes effect from delivery only. *Fountain v. Bank*, 57 Mo. 552; *Hammerslough v. Cheatham*, 84 Mo. 13; *Turner v. Carpenter*, 83 Mo. 333; *Taylor v. Davis*, 72 Mo. 291; *Huey v. Huey*, 65 Mo. 689; *Flannigan v. Goggins*, 36 N. W. Rep. 846; *Watson v. Hillman*, 24 N. W. Rep. (Mich.) 663. *Third.* The intention generally controls, but it must be manifested by acts or words, or both. 5 Am. & Eng. Ency. Law, 445, title deeds; *Hill v. Nichols*, 13 Atl. Rep. (Me.) 833; *Scott v. Scott*, 95 Mo. 300; *Blackman v. Preston*, 15 N. E. Rep. (Ill.) 42; *Stiffian v. Milmo*, 6 S. W. Rep. 823. *Fourth.* If a deed be acknowledged and recorded the law presumes a delivery. *Kane v. McCowen*, 55 Mo. 181; *Burke v. Adams*, 80 Mo. 504; *Town Co. v. Anderson*, 13 Mo. App. 429. But this may be explained. *Stevens v. Castel*, 29 N. W. Rep. 828, and cases cited. When deed is made by parent to minor child and recorded by the parent, this is deemed a delivery. *Tobin v. Bass*, 85 Mo. 654;

Hall v. Hall.

*Colee v. Colee*, 23 N. E. Rep. (Ind.) 687; 122 Ind. 109; *Orr v. Clark*, 19 Atl. Rep. (Vt.) 929; *Messelback v. Norman*, 46 Hun, 414; 5 Am. & Eng. Ency. Law, 449. But not when father retains possession of deed and receives rents and profits, and holds the place, etc. *Fair v. Smith*, 12 Pac. Rep. (Or.) 365; *Appeal of Durand*, 8 Atl. Rep. (Pa.) 922; *Ireland v. Geraghty*, 15 Fed. Rep. 39; *Fisher v. Hall*, 41 N. Y. 421; 15 Pac. Rep. 369. When the deed is made by the direction of the husband to wife, or of parent to child, by a third person, and delivered to such husband or parent, and retained by him, the deed is not operative as a conveyance, for want of delivery. *Stevens v. Castel*, 29 N. W. Rep. 828; 63 Mich. 111; *Moore v. Flynn*, 25 N. E. Rep. (Ill.) 844; *Newell v. Holdridge*, 43 N. W. Rep. (Minn.) 84. (4) The court erred in refusing the fifth instruction asked by defendant. There was no evidence that defendant intended the land in controversy to be an advancement to plaintiff. *Darrier v. Darrier*, 58 Mo. 227; Perry on Trusts, sec. 143, *et seq.;* 2 Story, Eq. sec. 1201. (5) The court erred in overruling defendant's motion for a new trial. For reasons, see brief and argument of appellant. (6) The motion in arrest should have been sustained. The second count of the petition did not state facts sufficient to constitute a cause of action—to entitle plaintiff to equitable relief. It shows that he was not in possession of the land.

*David Rea* and *Joseph Rea* for respondent.

(1) The court committed no error in overruling defendant's declaration of law in the nature of a demurrer to the evidence. There was evidence, we think, showing the execution of the deed to plaintiff, and the delivery of the same by Beecraft, the grantor, to defendant for the use of plaintiff. (2) No error was committed by the court in refusing declarations of law asked for by defendant, numbered 1 and 2. These

Hall v. Hall.

declarations of law are based upon the theory that there was no evidence tending to prove delivery of the deed to plaintiff or to defendant for his use. (3) The petition states facts sufficient to constitute a cause of action. The judgment on the second count of the petition was not erroneous, but was justified by the pleadings and evidence. *Graves v. Ewart*, 99 Mo. 13; *Mason v. Black*, 87 Mo. 330; *Davis v. Sloan*, 95 Mo. 552; *Clark v. Ins. Co.*, 52 Mo. 272. (4) The deed was made to plaintiff, and the delivery of the same by the grantor to the defendant, under the circumstances detailed in evidence, constituted a delivery to plaintiff and vested the title in him. 3 Wash. on Real prop. [3 Ed.] 260–265; *Hammerslough v. Cheatham*, 84 Mo. 13; *Tobin v. Bass*, 85 Mo. 654; *Fisher v. Hall*, 41 N. Y. App. 416; *Souverbye v. Arden*, 1 John. Chan. 240; *Huey v. Huey*, 65 Mo. 689; *Lumber Co. v. Anderson*, 13 Mo. App. 429; Willard on Real Estate & Conveyancing, p. 385. (5) The deed having been made to the infant son of defendant, the presumption of law is that it was an advancement. *Darrier v. Darrier*, 58 Mo. 222; 2 Story, Eq. [7 Ed.] sec. 1201, and note 1. (6) Upon the execution of the deed to plaintiff, and the delivery thereof to defendant, under the circumstances given in evidence, the title vested in plaintiff, and the fact that defendant changed the name of Jesse Hall, the grantee in said deed, and made it read John Hall, did not divest plaintiff of his title. *Tibeau v. Tibeau*, 19 Mo. 78; *Alexander v. Hickox*, 34 Mo. 496; *Parsons v. Parsons*, 45 Mo. 265. (7) In an equitable proceeding to remove a cloud on title to real estate, the court may issue a writ of possession to put the complainant into possession. *Mason v. Black*, 87 Mo. 330; *Woodsworth v. Tanner*, 94 Mo. 124; *Henderson v. Dickey*, 50 Mo. 161.

MACFARLANE, J.—The petition contains two counts. The first is ejectment to recover about twenty-eight acres of land in Andrew county. The second is in

Hall v. Hall.

equity, in which plaintiff alleges that defendant is his father, and on the sixth day of January, 1866, plaintiff was an infant living with him and in his family; that on said day one Beecraft conveyed to plaintiff the land in controversy by good and sufficient deed, which was delivered to defendant, who took the same into his possession to keep and hold for plaintiff; that afterwards defendant fraudulently, and without the knowledge or consent of plaintiff, erased the name of plaintiff as grantee therein and inserted his own, and had the deed as so changed, recorded; that the deed, as recorded, constituted a cloud upon plaintiff's title. The prayer was that the cloud be removed and plaintiff's title be decreed.

The answer was a general denial, and a special defense in which it was set up that defendant paid the full amount of the purchase price for the land, a part of which belonged to his brother, Jesse Hall who was then absent from the state; that he bought the land for his own use and benefit; that he had lived on it, making it his home from the date of the purchase to the present time; that at the time of purchasing the land plaintiff was an infant, under two years of age, paid no part of the purchase money, and no deed was made to him or for his benefit. The case was tried to the court without a jury.

The evidence shows a state of facts that do not commend plaintiff for his filial regard for his father. It shows that for some years prior to the date of this deed defendant had lived on this small tract of land presumably as a tenant; that on that day he bought the land from Beecraft, for which he paid him $560, which appears to have been about all his possessions. When the deed was written, defendant directed the writer to insert the name of Jesse Hall as grantee therein. This was done, and the deed delivered to defendant, who retained it until about 1870, when he erased the name Jesse, and inserted instead that of John, thus making

himself the grantee. A few years thereafter he had the deed recorded. From the date of the deed in 1866 to the commencement of this suit he occupied and used the land as his homestead, made improvements, and paid the taxes thereon.

These facts are substantially undisputed. Plaintiff testified that prior to 1860, himself and his brother Jesse had worked together dividing the earnings; that his brother left home in 1860, leaving in his hands some property, the proceeds of which constituted a part of the consideration paid for the land, and on that account he had the deed made to him in order to secure this money; that hearing of the previous death of his brother he changed the deed. The evidence, however, that the deed was deliberately made to the plaintiff, then under two years of age, we think greatly preponderated.

The court gave some and refused other declarations of law, but as the defense was equitable the legal questions can be considered without setting out in detail these instructions. The court gave one declaration of law to the effect that, if the defendant at the time intended to make the deed to his brother Jesse Hall, the finding should be for defendant; and refused one asked by defendant to the effect that the evidence failed to show such a delivery of the deed to or for the benefit of plaintiff as was necessary in order to vest the title in him. The court also gave a declaration that, if the deed was not made to plaintiff as an advancement, he could not recover. The verdict and judgment were for plaintiff and defendant appealed.

I. It is evident from the finding upon the declarations of law given and refused, that the court found these facts, *first*, that defendant intended his child Jesse as the grantee in the deed; *second*, that the deed was intended as an advancement to plaintiff; and, *third*, that there was a sufficient delivery to plaintiff.

We think the court fully justified by the evidence in finding that defendant did not intend to have the land conveyed to his brother, and when he directed the insertion of the name of Jesse Hall as grantee he intended a conveyance to his son. This was a finding upon a pure question of fact, which was well supported by the evidence, and that fact must be taken as established, and will receive no further consideration.

II. Defendant insists that under the facts and circumstances in the case no delivery of the deed to plaintiff or anyone for his use was shown, and consequently the jury should have been directed to return a verdict for defendant, as prayed by him. This contention is entitled to a careful consideration in view of the fact that no case is found in the decisions of this court presenting precisely the same state of facts. The general rules of law, applicable to the delivery of deeds, are well established and may be briefly restated.

. To operate as a complete and effectual conveyance of land, a delivery of the deed, actual or constructive, by the grantor and an acceptance by the grantee, or by some one for him, are essential requisites. These are the final and crowning acts in the conveyance, without which all other formalities are ineffectual. The grantor must part with the deed and all right of dominion over it, intending that it shall operate as a conveyance, and the grantee must accept it. *Standiford v. Standiford*, 97 Mo. 238; *Huey v. Huey*, 65 Mo. 689; *Taylor v. Davis*, 72 Mo. 291; 2 Greenl. Ev., sec. 297; *Tyler v. Hall*, 106 Mo. 313.

Under these rules there can be no doubt that Beecraft, the grantor in the deed, when the same was given into the possession and control of the father of the plaintiff, who was named as grantee therein, parted with all control and dominion over it, and the delivery, so far as it could be made so by the intention and accompanying acts of the grantor alone, was effectual,

and, if the evidence showed an acceptance by the grantee, the transfer of the title was complete.

The deed in question was unconditional in its terms, and, at the time it was executed and given into the hands of defendant, plaintiff was less than two years of age, and was wholly without discretion, either to accept or reject it. Under such circumstances the deed being beneficial to the infant, the rule is almost universal that the acceptance will be presumed. *Tobin v. Bass*, 85 Mo. 654 ; *Rogers v. Carey*, 47 Mo. 232 ; *Palmer v. Palmer*, 62 Iowa, 204 ; *Bryan v. Walsh*, 2 Gilm. 557 ; *Spencer v. Carr*, 45 N. Y. 406 ; *Masterson v. Cheek*, 23 Ill. 72 ; 3 Wash. Real Prop. 284.

It is not held to be essential to constitute a valid delivery that it should be made to the grantee himself. It will be sufficient if made to another person for his use and an acceptance, in some circumstances, will be presumed. *Standiford v. Standiford, supra*. In the case of infant grantees, who are themselves incapable of accepting a deed, a delivery to, and acceptance by, the parent will be a good delivery to the infant, and if beneficial an acceptance will be presumed.

Some cases have been cited by counsel for defendant in which the acceptance of a deed was held insufficient, the delivery having been made to third parties. We are unable to see that these cases announce a doctrine different from that announced in the foregoing decisions. The strongest case cited is that of *Moore v. Flynn*, 25 N. E. Rep. (Ill.) 844. In that case, Mrs. Leet bought and paid for the lot and her daughter, Mrs. Flynn, was named as grantee in the deed. Upon execution of the deed it was delivered to Mrs. Leet who retained it for some time and returned it to the grantor by whom it was destroyed, and a new deed made to the children of Mrs. Flynn. Mrs. Flynn had no knowledge of the first deed. The court held that there was no acceptance of the deed by Mrs. Flynn, remarking:

Hall v. Hall.

"In respect to a grantee who is not under legal disabil-
ity, the rule is that when such grantee is aware of the
conveyance, and does not dissent, and the conveyance
is positively beneficial to him or her, acceptance will be
presumed; but that no such presumption will arise so
long as the grantee is ignorant of the conveyance." All
that can be drawn from this class of cases is that the
presumptions of acceptance do not have the same
degree of conclusiveness when applied to persons capable
of accepting as when applied to infants, or other per-
sons under disabilities. Applying these well-settled
principles to the facts in this case, we are forced to the
conclusion that the delivery of the deed was sufficient.

This conveyance was made to plaintiff by the
positive and unequivocal directions of defendant. It
took effect and the title passed to the grantee upon
delivery, and no subsequent act or intention on the
part of defendant could divest it. *Parsons v. Parsons*,
45 Mo. 265.

The conclusion being irresistible that the deed was
intended, by both the grantor and defendant who paid
the purchase money, to operate as a transfer of the
title to plaintiff, the next inquiry is whether it operated
as a fee-simple conveyance and as an advancement, or
was there a resulting trust in favor of defendant. The
rule is that where one pays the purchase money, but
the title is taken in the name of a stranger, the party
taking the legal title will, under certain circumstances,
hold the title in trust for him who paid for the land.
The presumption of a resulting trust in favor of the
purchaser is rebutted in case the conveyance is made,
under like circumstances, to one to whom he is under
some moral or legal obligation, as wife or child. In
such case the conveyance will be taken to have been
intended as an advancement. *Darrier v. Darrier*, 58
Mo. 226; *Whitten v. Whitten*, 3 Cush. 191; 2 Story,
Eq., sec. 1201.

This rebutter of the presumption of a resulting trust, arising from the relation of the parties to each other, will itself be overcome when all the facts and circumstances antecedent to, or contemporaneous with, the transaction point clearly to an intention on the part of the purchaser to create a trust. *Darrier v. Darrier, supra; Peer v. Peer*, 11 N. J. Eq. 432; *Persons v. Persons*, 25 N. J. Eq. 250; *Taylor v. Taylor*, 4 Gilm. 303; *Dudley v. Bosworth*, 10 Humph. 12; *Tremper v. Barton*, 18 Ohio, 418. Whether this conveyance carried with it a resulting trust depended altogether upon the intention of defendant when he bought the land, paid the purchase money, and directed the name of plaintiff inserted in the deed as grantee. This intention can be shown by parol evidence, as such trusts are not within the statutes of frauds. See authorities, *supra*.

There are many circumstances which to our minds tend strongly to rebut the presumption that the conveyance in this case was intended as an advancement. So far as appears from the record this was the bulk of the property owned by defendant at the time; a part of the money used belonged to his brother; he had lived on this little tract previously, and evidently bought it for a home for himself and family; and no provision was made for his wife or other members of his family. The disposition of all his property for the benefit of one child is not consonant with common sense or common justice. If the conveyance was intended to carry with it a trust in favor of plaintiff it could make but little difference whether the deed was made to brother, or son of defendant. The principal difference would be in the fact that the burden of proof, to establish the trust in the child, would rest upon defendant, while a presumption of a trust would exist if the legal title had been taken in the brother.

It is true a declaration of law was given submitting the question of fact, as to whether the deed was made

to plaintiff by direction of defendant, with the intention of having it treated as an advancement, but we think one should also have been given on the hypothesis that the deed created a trust in favor of defendant. The first instruction asked by defendant was doubtless intended to submit that theory of the defense, but omitted the vital and controlling fact as to the intent of the purchaser, and was properly refused.

A judgment in a civil case should not be reversed for a failure of the court to give all appropriate instructions; indeed, it need not give instructions in such cases at all unless requested, but as the answer in this case presented an equitable defense and the issues were tried to the court without a jury, the instructions indicated the theory upon which the case was tried and we do not think the question of a resulting trust was given the investigation it deserved, and we think the case should be retried. Judgment reversed and cause remanded; defendant to pay costs of this court. All concur.