LOUISA MARSHALL, Appellant, v. GODFREY HARTZFELT et al., Respondents.

Kansas City Court of Appeals, February 2, 1903.

1. **Wills:** CONSTRUCTION: DEEDS. Where a testator after the execution of his will alienates any of the devised property, such act renders his will inoperative as to such devise.

2. **Deeds:** DELIVERY: ACCEPTANCE: RELATION: INFANCY: PRESUMPTION. To render a deed effective as a conveyance there must be delivery, actual or constructive, and there must be an acceptance by the grantee; such delivery may be to a third person, and delivery to the latter after the grantor's death will relate back to the execution, and if the grantee be an infant and the acceptance would be beneficial to him, his acceptance will be presumed.

3. ——: ——: ——: ——: ——: ——. Evidence reviewed and the delivery of a deed to an older brother for his infant brother is held good delivery, and the facts warrant the presumption of an acceptance by the younger brother.

Appeal from Vernon Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*J. R. Moss* and *J. B. Journey* for appellant.

(1) The mere lodgment of a deed, properly executed and acknowledged by the grantor, in a place or to a third party when there is a condition thereto attached by the grantor that the grantee should live with said third party and work for him until he is of age, does not constitute a delivery of the deed, and the taking and recording of such a deed by the third party after the death of the grantor, is inefficient to pass title. Huey v. Huey, 65 Mo. 689; Tiedeman on Real Property, sec. 812. (2) The dominion of the grantor in a deed to constitute delivery, must have passed from him with

the intent that it should·pass to the grantee if the latter would accept. Tyler v. Hall, 106 Mo. 313; Tiedeman on Real Property, sec. 812. In order to pass title, deed must be delivered to the grantee during the lifetime of grantor. Sneathen v. Sneathen, 104 Mo. 201. (3) The law does not presume assent upon the part of an infant when the devise is not beneficial. This devise was upon eighty acres of raw and unimproved land in Vernon county, Missouri, in 1872, which is shown by the evidence. There was a charge upon this land of $667.51. Sneathen v. Sneathen, 104 Mo. 201. (4) In order to pass title by deed there must not only be an acknowledgment and delivery upon the part of the grantor, but there must be an acceptance upon the part of the grantee, either by words or acts, or both word and acts. Tiedeman on Real Property, sec. 812.

*Scott & Bowker* for respondents.

(1) An alienation of devised property by the testator during his life renders the will void. Cozzens v. Jamison, 12 Mo. App. 452; White v. Pollock, 117 Mo. 467. (2) A delivery of a deed to a person for a minor conveys title. Hall v. Hall, 107 Mo. 101. (3) A deed is presumed to be delivered on the day the same is acknowledged. Fontaine v. Saving Institution, 57 Mo. 552.

SMITH, P. J.—This is a suit in equity to subject certain real estate to a lien for the payment of a bequest in a will. The evidence shows that on June 17, 1872, one Henry Zilliox executed his last will in which, amongst others, is the following provision, to-wit: "I also give and bequeath to my youngest son, Lewis Henry Zilliox, the following described real estate, to-wit [describing it, containing in all eighty acres]. Also one-sixth part of all money on hand and household and kitchen furniture with one bedstead, bed and bedding

and large trunk. Also one-third part of all other personal property, with one cow extra. It is expressly understood that in consideration of the above bequest . . . And to Louisa Marshall (he shall) pay or cause to be paid the sum of one hundred and ten dollars and eighty-three cents eleven years after date, and one hundred and ten 85-100 dollars twelve years. And one hundred and ten 82-100 dollars thirteen years after date.''

It further appears that on the same day the said testator executed said will, he also executed a general warranty deed whereby he conveyed to said Louis Henry Zilliox the real estate devised to him by the said will. The said devisee and grantee was the son of the testator and grantor, and was then about fifteen years old. On the day of the execution of the deed the grantor delivered it to his oldest son John Zilliox, saying to him at the time: ''Here is the deed to Louis. Take care of it and the boy. Keep it till he gets of age.'' Accordingly, the deed was taken and kept in the possession of the older brother and was not delivered to the younger until after he was of age, when it was placed upon record. The latter took possession of the land and some years thereafter conveyed it to his co-defendant, Hartzfelt.

The testator did not die until thirty-five days after the execution of said instruments.

If the deed was effectual and operated as a present transfer of the grantor's title in the land to the grantee therein named, then this rendered the devise and bequest in the will void; for the rule is that an alienation of devised property by the testator during his life renders his will inoperative as to such devise. Cozzens v. Jamison, 12 Mo. App. 452, and authorities there cited. The deed was properly executed and if there was a sufficient delivery of it, it had the effect to pass the title to the grantee during the lifetime of the grantor, so that at the time of the death of the latter

he had no such interest in the land as was subject to the devise.

.The rule is well established that it is essential in order for a deed to operate as a complete and effective conveyance of land, that there must be a delivery of it, actual or constructive, and an acceptance by the grantee. The grantor must part with it and all right and dominion over it, intending that it shall operate as a present transfer; and this intention may be manifested by acts or by words, or by both. White v. Pollock, 117 Mo. 467; Hall v. Hall, 107 Mo. 101; Standiford v. Standiford, 97 Mo. 231; Burke v. Adams, 80 Mo. 506; Taylor v. Davis, 72 Mo. 291; Huey v. Huey, 65 Mo. 689. But while the delivery of a deed is essential to accomplish the transfer of title and must take place during the life of the grantor, yet it is not required that the delivery be to the grantee in person. A deed delivered by the grantor to a third person to be delivered to the grantee, will constitute a good delivery though the grantor be dead at the time of the last delivery, for it takes effect by relation as to the date when first made to a third person. Sneathen v. Sneathen, 104 Mo. 201; Burke v. Adams, ante; Hall v. Hall, ante. And where a deed, as here, was made unconditional in its terms and at the time it was executed and given into the hands of a third person to be delivered to the grantee, such grantee was an infant wholly without discretion either to accept or reject, it was held that under such circumstances, the deed being beneficial to the infant grantee, his acceptance would be presumed. Hall v. Hall, ante; Tobin v. Bass, 85 Mo. 654; Rogers v. Carey, 47 Mo. 232; Standiford v. Standiford, ante.

Under these rules it seems clear to us that when Henry Zilliox, the grantor in the deed, gave the same into the possession of his oldest son, John, to be kept by him until his infant son, the grantee therein, should attain his majority, that he (the grantor) parted with all control and dominion over it, and that the delivery,

so far as it could be made by intention and accompanying acts of the grantor, was effectual, and the transfer of the title was complete if the evidence discloses an acceptance, which we think it does. The deed, without doubt, was beneficial to the grantee, and under the circumstances already referred to his acceptance must be presumed.

During the thirty-five days which the grantor lived after the execution and delivery of the deed, it does not appear that he ever again had it in his possession or made any inquiry or suggestion respecting it. He seems to have delivered it without reservation and with the intention that it should take effect and from that time operate as a transfer of the title; and as there was a sufficient acceptance, we see no reason why the title did not pass and so was not in the grantor at the time of his death.

It follows from these considerations that the decree of the court, which was for defendants, must be affirmed. All concur.