PAYNE, *Appellant,* v. TWYMAN.

| 68 | 339 |
|----|-----|
| 101 | 233 |
| 68 | 339 |
| 120 | 150 |
| 68 | 339 |
| 146 | 134 |

**Husband and Wife:** LAND, ENTRY OF: RESULTING TRUST. Where a husband has entered land in his own name with money belonging to his wife's separate estate, because of a regulation of the land office, it is his duty, although he may be in embarrassed circumstances, to convey such land to a trustee for her benefit.

*Appeal from Cass Circuit Court.*—HON. FOSTER P. WRIGHT, Judge.

*R. O. Boggess* for appellant.

*A. Comingo* and *L. E. Carter* for respondents.

SHERWOOD, C. J.—This is an equitable proceeding to set aside a conveyance of land made by George B. Twyman to Wilson, as trustee for the wife of Twyman. The evidence was very conflicting and the court found and decreed for defendants.

After a perusal of the evidence we are not prepared to say that the decree should have been different. The chief point in controversy was whether the land entered was entered with the money of the husband or that of the wife. There was testimony to the effect that there was a marriage contract between Twyman and his wife; that she had a separate estate, derived from that of her father, and the land, the subject of this proceeding, was purchased with money derived from such separate estate, and there was testimony to the contrary effect. There was one circumstance, however, detailed on the hearing of the cause, which may, perhaps, have had no inconsiderable influence on the mind of the court in its final conclusion touching the matter in controversy.

The land in question, some 120 acres, was entered on the 15th day of October, 1855, at the graduation price of fifty cents per acre, making the aggregate sum $60. The plaintiff had testified that he had gone the security for Twyman on a note to the county to raise money to enter

the land, but the financial statement of the county for the years 1855, 1856 and 1857, showed this to be an error, and that plaintiff had not thus become the surety of Twyman until a much later period, 1858, long after the entry was made, and then for the sum of $123. If the money used to enter the land was really that of the wife's separate estate, and Twyman entered the land in his own name, instead of that of his wife, in consequence of some regulation of the land office at Warsaw, it was his clear duty to have transferred the property to a trustee for his wife's benefit, just as he subsequently did do. And although he, at the time of the transfer to the trustee, was embarrassed, this in no manner changed his duty in the premises; a duty which demanded that the trust fund committed to his care should not be diverted from its originally intended purpose; a matter with which his creditors had no imaginable concern.

Viewing the matter in this light, and somewhat deferring to the court below on a subject greatly dependent on the credibility to be attached to the testimony of the witnesses, we have thought best, on the whole record, to affirm the judgment, which is accordingly done. All concur.

AFFIRMED.