TOBIN v. BASS *et al.*, *Appellants*.

1. **Deed, Delivery of**: ACCEPTANCE : PRESUMPTION. When a deed to a minor from its father, is absolute in form, and for its benefit, and the grantor voluntarily causes it to be recorded, acceptance by the grantee will be presumed, and such facts constitute a *prima facie* delivery of the deed, and raise a presumption which it will require clear proof to overthrow, that the grantor intended to part with his title.

2. The evidence in this case held not sufficient to rebut such presumption.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Higbee & Raley* for appellants.

There was a sufficient delivery of the deed to the ·children of the plaintiff. *Lumber v. Anderson*, 13 Mo. App. 434; *Mayor v. Hill*, 13 Mo. 250; *Gorman v. Stanton*, 5 Mo. App. 585; *Dale v. Lincoln*, 62 Ill. 24; *Palmer v. Palmer*, 18 C. L. J. 78; *Long v. Joplin Mining Co.*, 68 Mo. 432; *Cecil v. Beaver*, 28 Ia. 241; *Adams v. Adams*, 21 Wall. 185; *McPherson v. Featherstone*, 37 Wis. 641; *Masterson v. Cheek*, 23 Ill. 76; *Devoise v. Snyder*, 60 Mo. 240; *Huey v. Huey*, 60 Mo. 694; *Gould v. Day*, 94 U. S. 412; *Burke v. Adams*, 80 Mo. 504.

*Shelton & Dysart* and *C. C. Fogle* for respondent.

(1) The making and recording of the deed to appellants, by respondent and her husband, in 1849, only raises a *prima facie* presumption of delivery, and this presumption is rebutted by the countervailing facts and

circumstances in the case. *Younge v. Gilbeau*, 3 Wallace, 636; *Parmlee v. Simpson*, 5 Wallace, 81; *Knolls v. Barnhart*, 71 N. Y. 474; *Hawkes v. Pike*, 105 Mass. 560; *Jackson v. Phipps*, 12 Johnson, 418; *Yarnall v. Yarnall*, 6 Mo. 175; Martindale on Conveyancing, sec. 212; *Maynard v. Maynard*, 10 Mass. 455; *Creed v. Lancaster Bk.*, 1 Ohio 9, 10; *Cummings v. Bramhall*, 120 Mass. 564; *Shortliff v. Francis*, 118 Mass. 154. (2) The evidence abundantly shows that there was no delivery of the deed in controversy either prior or since the death of Geo. Tobin, respondent's husband, and under the facts in the case, the evidence failing to show a delivery to a third party for the use of appellants, there could be none after the death of one of the grantors. *Huey v Huey*, 65 Mo. 689; Martindale Con. sec. 211. (3) And the presumption that deeds by parents to minor children, or deeds generally to idiots, lunatics and married women, and assignments for the benefit of creditors, from their beneficial character, are accepted by the grantees when found executed and recorded, as in this case, is only *prima facie*, and may be overthrown by countervailing circumstances. *Hawkes v. Pike*, 105 Mass. 560; *Yarnall v. Yarnall*, 6 Mo. 175; *Tomkins v. Wheeler*, 16 Peters, side p. 119; Martindale on Conveyancing, sec. 214; *Burke v. Adams*, 80 Mo. 504; *Maynard v. Maynard*, 10 Mass. 455; *Creed v. Lancaster Bk.*, 1 Ohio, 9, 10; *Cummings v. Bramhall*, 120 Mass. 564; *Shortliff v. Francis*, 118 Mass. 154. (4) There must have been a mutual concurrence of action at some time or other, between grantors and grantees, on the faith of a deed before a delivery can be said to have taken place. And in the case at bar the evidence shows conclusively that the grantees had no knowledge of the existence of the deed in controversy, until the institution of this suit, thirty-three years after the execution of the deed. *Gould v. Day*, 94 U. S. 405; *Jackson v. Cleveland*, 15 Mich. 94; *Brackett v. Barney*, 28 N. Y. 333;

*Burke v. Adams*, 80 Mo. 504. (5) The deed in controversy having always been held by grantors, and its existence never made known to grantees, or any one else, and never delivered to any one for their use, or declared by grantors to be intended as a present operative conveyance cannot, under the circumstances of this case, operate as a transmission of title. *Fisher v. Hall*, 41 N. Y. 416; *Cummings v. Bramhall*, 120 Mass. 564; *Shortliff v. Francis*, 118 Mass. 154; *Maynard v. Maynard*, 10 Mass. 455.

NORTON, J.—This suit was brought to cancel a deed executed by plaintiff and her husband to the defendants, for the purpose of removing a cloud upon plaintiff's title. Plaintiff obtained judgment, from which the defendants have appealed. Since the rendition of the judgment plaintiff died, leaving a will, and the cause has been revived in the name of James L. Baker, executor. The following facts appear in the record before us, viz.: that George Tobin, who was the husband of plaintiff, in 1845, entered eighty acres of land in Schuyler county, in his own name, and one hundred and sixty acres in the name of his wife. The evidence tends to show that this land was entered by Tobin with money which his father, who died in Kentucky, had willed to Tobin's children. On the twenty-fourth of August, 1849, Tobin and wife executed a deed conveying the said two hundred and forty acres of land to their children, six in number, four of whom were minors, one of unsound mind, and another being married, and all of whom lived with their parents on the land, except the married daughter, who lived about twelve miles distant. The consideration named in the deed was five dollars, and natural love and affection. The deed was duly acknowledged before the circuit clerk, filed for record, and duly recorded. After the deed was recorded Tobin took it to his house, where it remained with his other papers till his death, which occurred in

1878, and being then discovered, Mrs. Tobin, the plaintiff destroyed it by burning it up. Alvra, the oldest child, and of unsound mind, and Melvina, another of the children, have always lived with their parents on the land.

After the execution and recording of the deed, Tobin and wife lived upon the land as before, exercising acts of ownership over it, receiving the beneficial use of it, and paying the taxes upon it. Ellen, one of the children, married John Haney in 1856, and Tobin and wife told him on the day of the marriage that he had made forty acres of land that day. This witness testified that after the war, by direction of Tobin and wife, he selected forty acres of the land, improved it and lived on it till 1881, when he left it to avoid trouble. Trabur, who married Josephine, another daughter, joined her in conveying one-sixth interest in the land, in October, 1854, to said Tobin, and in 1856, plaintiff joined her husband in a deed re-conveying the same back to Josephine, Tobin saying to Mrs. Tobin, after the deed was made, "that it was all fixed now; Josephine stands like all the rest of the children." Plaintiff, who, at the time of the trial, was about eighty years old, testified that she did not execute the deed to Josephine in 1856, nor the deed to the children in 1849.

There was no actual manual delivery of the deed, acknowledged and recorded in 1849, and in consequence of the failure of the clerk to index the deed, the fact that it was recorded was unknown till about six months after the destruction of the deed by plaintiff, when it was discovered by Mr. Graves, to whom she proposed to sell the hundred and sixty acres which had been entered in her name. There was evidence tending to show that Mrs. Tobin always claimed this land, and also evidence that Tobin spoke of it repeatedly as land belonging

to the children, and also evidence tending to show that the children understood the land to be theirs, although there is nothing to show, outside of this common understanding, that they had knowledge of the deed, till after the death of their father. The circuit court found that the deed of 1849 was duly acknowledged, filed for record and recorded, but held that it had never been delivered. So that the decisive question on the facts disclosed, is whether there was such delivery as to pass the title.

While the delivery of a deed is necessary to make it effectual in passing title, it is established by the following authorities, that when a deed to a minor child is absolute in form and beneficial in effect, and the father and grantor voluntarily causes the same to be recorded, acceptance by the grantee will be presumed, and such facts constitute, *prima facie*, a delivery, and affords reasonable presumption that the grantor intended to part with the title, and that clear proof should be made that a person who, under such circumstances, has executed, acknowledged and caused a deed to be recorded before the court would be warranted in declaring that he did not intend to part with his title: *Cecil v. Beaver*, 28 Iowa, 242; *Robinson v. Gould*, 26 Ia. 89; 3 Wash. Real Prop. (3 Ed.) 261; *Masterson v. Cheek*, 23 Ill. 72; *Mitchell v. Ryan*, 3 Ohio St. 377. We are of the opinion that the plaintiff has failed tn make such proof as would authorize us to declare that it was not the intention of the grantors to part with their title in the land conveyed to the defendant.

At the time the deed was made and put upon record four of the grantees were minors, one of unsound mind, and another married, living with her husband, some distance from the grantors. Although Mrs. Tobin testified that her husband gave her two hundred dollars, with which he entered the land in her name, it appears from her own evidence that the money thus bestowed upon

her was not her husband's, but money of the children, which came from their grandfather in Kentucky. It was, therefore, but an act of justice due from the father and mother to convey the land thus entered to their children, the equitable owners, and we attach but little importance to the fact that, under these circumstances, the possession of the deed was retained by the father after it was recorded. *Payne v. Twyman*, 68 Mo. 339. It has been held by respectable courts that under such circumstances the father, as to his subsequent possession of the deed, is the mere custodian for the child. *Masterson v. Cheek*, 24 Ill. 77.

These facts, in connection with the further fact that Tobin accepted a conveyance in 1854 of the one-sixth interest in this land from one of his daughters, a grantee in the deed of 1849, and in 1856, in conjunction with plaintiff, re-conveyed the land to the daughter, and the further fact which the evidence of witnesses Tobin, Morris, Bass and Haney tended to establish, that the children understood that the land was theirs, and that the father repeatedly said in the presence of plaintiff that the land belonged to the children, and the refusal of Tobin and wife to sell Trabur one forty acres of this land, and Morris another forty acres in 1866, putting their refusal on the ground that the title was in the children, the *prima facie* case arising from recording the deed, is so strengthened as not to be overcome by the fact that Tobin remained in possession of the deed and land, enjoying its profits, exercising acts of ownership over it till his death, in 1878.

For the reasons given the judgment will be reversed and the bill dismissed. All concur.