Caffee v. Smith.

---

CAFFEE, *Appellant*, v. SMITH.

**Fraudulent Conveyance:** DEED FROM SON TO FATHER: PRIOR EQUITIES. Where a son who was not indebted agreed to convey a tract of land to his father in consideration of the latter buying a lot and building a house in town for him which the father did, and also took and held possession of the tract of land openly, exclusively and continuously as his own, the equity of the father in the land becomes vested and cannot be divested by a sale under execution at the suit of a creditor of the son whose debt was contracted after the making of the agreement.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*McReynolds & Halliburton* for appellant.

(1) While transactions between father and son are not to be presumed fraudulent, yet where they affect creditors the court will scan them with a critical eye and require a clean showing. *Renney v. Williams*, 89 Mo. 139; *Glen v. Glen*, 17 Iowa, 498; *Humes v. Scruggs*, 94 U. S. 51 (4 Otto, 22–28); *Stevens v. Dillman*, 86 Ill. 233; Bump on Fraud. Con. [Ed. 1872] p. 96 and references; *Burt v. Timmons*, 29 West Va. 441. (2) Defendant having permitted his son to retain the legal title to the land in controversy for two and a half years after he claims to have purchased it, and his son contracting debts during that time, it is bad faith with and a fraud on creditors to permit him to come in at this late day and claim the land under the transaction testified to by defendant and his son. Authorities, *supra*. (3) While fraud is not to be presumed, yet it is proved by facts and circumstances, which may be stronger than direct proof, although a single fact by itself might prove nothing. *Chandler v. Freeman*, 50 Mo. 239; *Hopkins v. Seivert*, 58 Mo. 201; *Burgert v. Borchert*, 59 Mo. 83; *Frederick v. Allgaier*, 88 Mo. 598. (4) Under the evidence the finding should have been for plaintiff and a decree entered setting aside the deed from R. R. Smith to respondent and vesting title in plaintiff. *Donovan v. Dunning*, 69 Mo. 436; *Goldsby v. Johnson*, 82 Mo. 602; *Lionberger v. Baker*, 88 Mo. 447; *Blanchard v. Glasier*, 21 N. W. Rep. 134; *Little v. Bidwell*, 21 Tex. 597; *Boyle v. Manney*, 73 Iowa, 70. Anything out of the usual course of business is a sign of fraud. Here respondent claims to have bought the land in 1882, and did not ask for or receive a deed until 1885, though seeing R. R. Smith at least once a week. Bump on Fraud. Con. [Ed. 1872,] pp. 25, 92, 86, and citations. Inadequacy of price is a badge of fraud. In this case the deed recites

consideration of five hundred dollars. Respondent swears he paid seven hundred dollars. The evidence is overwhelming that the land was worth from one thousand to twelve hundred dollars. Bump on Fraud. Con. [Ed. 1872,] p. 86, and citations; *Milner v. Davis*, 21 N. W. Rep. 599. Respondent leaving title to land in R. R. Smith, and his contracting debts while owning it, is a fraud by respondent on creditors of R. R. Smith. Bump. on Fraud. Con. [Ed. 1872] p. 82, and citations.

*W. H. Phelps* and *E. O. Brown* for respondent.

(1) The deed made to defendant by R. R. Smith February 6, 1882, was not a voluntary conveyance, but was made in pursuance of an agreement entered into in June, 1882, which equity would have compelled him to execute, although said Smith was in embarrassed circumstances at the time he made the deed. This furnished no ground for the complaint on the part of his creditors, since he had only done what equity would have compelled him to do. *Dozier v. Matson*, 94 Mo. 328; *Payne v. Twyman*, 68 Mo. 339; *Erwin v. Holderman*, 92 Mo. 333; Bump on Fraud. Con. 279; *Despain v. Carter*, 21 Mo. 336; Waterman on Spec. Perf., sec. 187; *Hardesty v. Richardson*, 41 Md. 617. (2) At the time the debt to A. H. Caffee & Co. was contracted, defendant in equity was entitled to a deed, and in the eye of the chancellor the land was then his. The possession had already passed to defendant, the contract price paid, and a deed would have simply been evidence of what was agreed to, and ought to have been done in June, 1882. *Dougherty v. Harsel*, 91 Mo. 161; *West v. Bundey*, 78 Mo. 407; *Anderson v. Shockley*, 82 Mo. 250. (3) It has been frequently held, and the weight of authority sustains the doctrine, that, where, as in this case, one buys land, pays the purchase price therefor, and enters into possession thereof, with an agreement that a deed shall be made, the transaction is

a sale. The contract being executed on the part of the vendee, he does not hold under his vendor, but adversely to him. *Ridgeway v. Holloway*, 59 Mo. 444.

SHERWOOD, J.—This is a proceeding in equity, brought to set aside, as fraudulent as against creditors, a deed to real estate, situate in Jasper county, executed February 6, 1885, by R. R. Smith to his father, Sanford M. Smith. The facts developed on the trial in the court below were substantially as follows: In June, 1882, the land in question was owned by R. R. Smith, he having acquired the same from his mother; said R. R. Smith, being desirous to move to town and engage in the practice of his profession, sold the land to his father, Sanford M. Smith, for seven hundred dollars, which he was to pay by buying a lot in Sarcoxie and building a house on it for his son, this defendant did, and had the lot conveyed to his son. By the terms of this agreement, the defendant was to and did in July, 1882, enter into full possession of said land and has ever since been in the open, notorious, peaceable, adverse, exclusive and continuous possession thereof, claiming and using the same as his own, etc. At the time the defendant and his son entered into the agreement to sell the land to the defendant, said R. R. Smith was out of debt, and there is no pretense that insolvency or fraudulent intent on the part of the defendant or his son, R. R. Smith, existed in June, 1882, at the time the contract of sale was made.

In pursuance of this agreement the said R. R. Smith, by his deed dated February 6, 1885, conveyed this land to the defendant; he did not call on his son for a deed before, because he had confidence in him, and believed that he would comply with his agreement when called on.

On the fifth of March, 1885, A. H. Caffee & Co. instituted an action in the Jasper circuit court, against

R. R. Smith on an account of goods sold him during the years 1883 and 1884, and in October following recovered judgment thereon for two hundred and sixty-nine dollars. An execution was issued on this judgment, and the land sold as the property of R. R. Smith and purchased by the plaintiff for twenty-five dollars. The defendant had no knowledge of the existence of A. H. Caffee & Co's. debt until suit was brought on it.

On the trial, the court after hearing the evidence in the cause found for the defendant and dismissed the bill.

The defendant being placed in possession of the premises in question by R. R. Smith, his son, in accordance with a valid parol agreement, made upon a valuable consideration, and at a time when R. R. Smith was not in debt, and having performed that agreement, he acquired such an equity in the premises as would have warranted specific performance against the son and in favor of the father. Waterman on Specific Perform., secs. 270, 272, 274, 275, 276 ; Fry on Specific Perform. 180, 181 ; 2 Story Eq. Jur. [ 13 Ed.] pp. 76–77.

The fact that the son afterwards became indebted to plaintiff cuts no figure in the case, as the equity of the father became vested, and the subsequently acquired right of the creditor could not divest the equity of the father ; that was beyond the reach of the creditor, and the son, in making the deed to the father in 1885, only did *without* suit what a court of equity would have compelled *with* suit. This view is fully illustrated in *Dozier v. Matson*, 94 Mo. 328 ; *Payne v. Twyman*, 68 Mo. 339 ; *Park v. Bank*, 97 Mo. 130. Therefore, judgment affirmed. All concur.