RALPH PICKETT et al. v. J. F. LEONARD.

*Devise—After Executed Deed—Construction.*

A testator devised to his son eighty acres of land, certainly designated, and afterwards, during his life-time, conveyed to him, by deed, a portion of the land embraced in the devise: *Held*, that the only effect of the deed was to place title in the devisee, during the testator's life, to the part so conveyed, and the will, which was in affirmance of the deed as to the part conveyed by it, passed title, at testator's death, to the part not so embraced.

CIVIL ACTION to recover land, heard before *Brown, J.*, at March Term, 1889, of DAVIDSON Superior Court, upon facts agreed.

The plaintiffs allege in their complaint that they are tenants, in common with the defendant, of the land therein described, and they demand judgment that they be put in possession thereof as such tenants, &c.

The defendant alleges that he is sole seized of the land by virtue of the devise presently to be mentioned.

The following are the material facts agreed upon and submitted to the Court for its judgment thereupon:

1. That, on the 3d of April, 1874, Jacob Leonard, being owner of the tract of land in Davidson County, made his last will and testament, and, among other things, devised as follows: "I also will and devise to my said wife a tract of land on which I now live, to have and to hold, with uninterrupted enjoyment, so long as she may live or remain my widow. My will and desire is that, after the death or marriage of my said wife Sarah" (and she was dead before this suit), "my son Jacob Franklin Leonard have eighty acres of land off of the portion of my land whereon he has built and is now living, running through the entire width of the tract in such way as to make the line parallel with the outside line running north and south."

2. That, thereafter, to-wit, on the 27th day of July, 1883, said Jacob Leonard executed and delivered to the defendant a deed in fee-simple to a tract of land in Davidson County containing thirty-six acres and a fraction of an acre, so devised to him, situate across the east end and side of the land mentioned in the will.

3. That, after the execution of said deed, said Jacob Leonard died about August, 1886, and said will and testament was duly admitted to probate in September, 1886.

4. That, before the date of said will, the defendant J. F. Leonard had erected a dwelling-house and other buildings, and resided on the eastern portion of said plantation (of Jacob Leonard's), and continued to live there until testator's death.

5. That the land described and included in the said deed does not cover said buildings, and said dwelling-house is seven chains and more from the western line of said deed.

6. That, if said testator had died before executing said deed, the devise of the eighty acres in the will to the defendant would have embraced the 36.78 acres covered by the said deed.

7. It is admitted that the land described in the will as devised to defendant J. F. Leonard, at the date when said will was written, covered and included the land described in the deed subsequently executed. But the defendant contends that the will, not taking effect until after testator's death, that when the will took effect it did not include it, and that said J. F. Leonard is entitled to eighty acres, in addition to the land described in said deed.

The Court adjudged that the defendant is entitled to the land embraced by the deed mentioned, and, in addition thereto, eighty acres situate west thereof; and the plaintiffs, having excepted, appealed.

*Mr. W. H. Pinnix*, for the plaintiffs.
*Mr. F. C. Robbins*, for the defendant.

MERRIMON, C. J.—after stating the facts: The testator, at the time he executed his will, devised therein to his son, the defendant, eighty acres of land certainly designated. In his life-time, and after the execution of his will, he conveyed by deed to this son a part of the land so devised to him. What the testator's motive for this was does not appear, but, whatever it may have been, he did what he had power to do. This deed did not affect the devise, except to the extent of the land conveyed by it. As to that, it had the effect to place the title thereto in the defendant in the testator's lifetime. In effect, as to the land, the will was no more than an affirmance of the deed. There is nothing in the will that,

in terms or by implication, modifies or qualifies the devise; so it took effect and became operative, as far as it might do so, at the time of the testator's death. It did not pass the title to the land embraced by the deed, because the deed itself did that in the testator's life-time. If, however, for any cause, the deed was ineffectual, then the devise passed the title to that land. The devise passed the title to the defendant to so much of the eighty acres embraced by it as the deed did not include. This is the plain meaning and effect of the terms of the devise, and there is nothing in the will that provides otherwise, nor is there any reason in law why it should not.

The defendant contends that the effect of the deed was to make the north and south line, specified in the devise, the line of the west side of the land embraced by the deed; so that he is entitled to the eighty acres situate just west of the latter line. This was, clearly, not the intention of the testator. His purpose is to be ascertained from the devise, and it specifies the testator's " outside line running north and south," as it existed at the time he executed his willl.

We are very sure that the Court failed to interpret the devise in question correctly. The defendant is entitled, as we have indicated above, to eighty acres of land, including in this quantity the land embraced by the deed mentioned. The judgment must, therefore, be set aside, and a judgment entered according to this opinion.

Error.