## In re TILLMAN'S ESTATE.

### (Appeal of PENEBSKY.)

### No. 15,016; December 7, 1892.

#### 31 Pac. 563.

**Will Contest—Grounds—Conveyance of Property.**—Since Civil Code, section 1292, provides that a written will can only be revoked by a writing or by its destruction, a contest interposed to a petition for the probate of a will, which alleged that the property therein disposed of was, after the execution of the will, conveyed to contestant, presents no ground for contest, where it does not also allege that such conveyance declared the will revoked.[1]

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

To the petition of George W. Wright for the probate of the will of M. E. Tillman, deceased, A. T. Penebsky filed a contest; and from an order sustaining a demurrer to the con-

[1] Cited and followed in In re Hickman's Estate, 101 Cal. 614, 36 Pac. 119, where the court says: "If the will was valid when made, it could be revoked or altered only by a subsequent writing, duly executed, or by obliterating or destroying with intent to revoke."

Cited in the note in 130 Am. St. Rep. 652, on implied revocation of wills.

test, and admitting the will to probate, contestant appeals. Affirmed.

Ash & Mathews for appellant; W. A. Plunkett for respondent.

HAYNES, C.—George W. Wright filed a petition for the probate of the will of the decedent. A. T. Penebsky, the sole heir at law of the testatrix, filed a contest, to which the petitioner demurred. The demurrer was sustained, and the will was probated. This appeal is from the order sustaining the demurrer, and from the judgment admitting the will to probate. The property stated in the petition to have been left by decedent consisted of several parcels of real estate, household property of the value of $50, and $800 cash on deposit in the Hibernia Savings and Loan Society. The will of decedent was dated and made February 13, 1891, and a codicil thereto was made August 3, 1891. The sole ground of contest is that said will and codicil were revoked on the seventh day of August, 1891, and that such revocation was made by a deed executed and delivered by the testatrix on that day to contestant, conveying to him all the real estate mentioned in the will, and by the assignment to him of the bank-book of said deposit, and that conveyance and assignment were absolute and unconditional, and with the intent and purpose of revoking said will, and that the testatrix intended thereby to convey to contestant all her property, both real and personal. The demurrer was properly sustained. The validity of a will is not affected by the subsequent conveyance of property named in and specifically devised thereby, nor is such conveyance affected by the mere fact that a will had been previously executed, disposing of the same property. As a will does not take effect until the death of the party making it, the effect of a subsequent valid conveyance can only be to take the property conveyed out of the operation of the will, leaving it entirely unaffected as to property not conveyed. If the testatrix was not seised or possessed of any property at the time of her death, there could be no object or purpose in proving her will; but even in such case the contestant could not be affected by such proceeding. Here the will, executed shortly before the death of the testatrix, showed a large amount of real estate and some personal property. The con-

testant raises no question except as to a subsequent disposition of that property. Suppose that such conveyance had been obtained by fraud or duress sufficient to render it void, and that question had been raised by the petitioner in response to the grounds of contest, the court in that proceeding could not have tried the issue, not only because it was foreign to the proceeding before the court, but because there was no one to appear for and defend the estate; nor would a finding and judgment against the contestant that the deed under which he claims is void have bound or concluded him, as the court had no authority in this proceeding to determine that question: Corker v. Corker, 87 Cal. 643, 25 Pac. 922. Section 1292 of the Civil Code provides: "Except in the cases in this chapter mentioned, no written will nor any part thereof can be revoked or altered otherwise than (1) by a written will, or other writing of the testator, declaring such revocation or alteration, and executed with the same formalities with which a will should be executed by such testator; (2) by tearing, destroying, etc., with intent to revoke."

It is not alleged that the deed executed and delivered to the contestant "declared" a revocation of the will, nor is it alleged that it was executed with the formalities with which a will is required to be executed, and therefore it could not be a revocation of the will; it could only take out of the operation of the will the property conveyed, as a will can only operate upon so much of the property as legally and equitably belonged to the testatrix at the time of her death: Bruck v. Tucker, 32 Cal. 426. The assignment of the bank account, as alleged, was insufficient to transfer the household furniture, and it is not alleged that the furniture was a gift to him causa mortis or otherwise. Evidence offered to be given by contestant in support of his grounds of contest was properly excluded. If the court erred in either ruling, it could not prejudice appellant, as the probate of the will could not affect his rights under the deed or assignment. Whether the property passed under the deed or under the will is a question that must be determined in some other proceeding. I advise that the judgment and orders appealed from be affirmed.

We concur: Foote, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.