CASE 7—ACTION TO ENFORCE A MORTGAGE LIEN—MARCH 13.

# Schaeffer v. Vogt's Trustee, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT AGAINST AMELIA SCHAEFER AND SHE APPEALS.  RE-
VERSED.

WILLS—CONVEYANCE TO DEVISEE—ELECTION—LIABILITY OF DEVISEE
FOR DEBT CHARGED BY WILL.

Held:  1. Where a father executed a will giving to his daughter
real and personal estate, and requiring her to. pay one-third of a
certain debt which he owed, and thereafter executed a deed
conveying to her the real estate devised, of which he placed her
in possession, and died without changing his will, the daughter
took the real estate under the deed, and is therefore liable for
the part of the debt referred to only to the extent of the value
of the personal estate received under the will.

2. Though the devisee could not claim both under and against the
will, she did not, by accepting the personal estate bequeathed
to her, become liable for the debt with which she was charged
by the will, except to the extent of the value of such personal
estate.

KOHN, BAIRD & SPINDLE, FOR APPELLANT.

The object of this appeal, is, by reversing the judgment of
the lower court, to relieve appellant's land from a lien of about
$1,500 adjudged against it to pay the debts of appellees.

This result was reached by the trial court through a miscon-
ception that an executed deed, *inter vivos,* may be revoked by
a will.  It is sought to be justified on the theory that appel-
lant was put to an election whether she would take the land
sought to be subjected under her father's will or under her
deed of purchase.  Two questions are presented.  1.  The the-
ory of the trial court based on a misconception of a statute.  2.
The theory of appellee's counsel, based upon a misconception
of the doctrine of equitable election, and its application to the
case at bar.

### POINTS AND AUTHORITIES.

1. The statute applicable to the revocation of wills does not
operate to devise property not owned by the testator at his death.
Kentucky Statutes, secs. 2068, 4833, 4835.

2. The doctrine of equitable election is founded in intention, which must be presumed from the facts as they exist at the time of the execution of the instrument calling for it. If at that time the settler disposes only of his own property, there can be no election, though subsequent changes of property take place. Snell's Equity, chap. 11; Allen v. Thompson, 22 Rep., 164; Coleman v. Bowles' Admr., 23 Rep., 15; Baker v. Safety Deposit, 48 Atl., 920; Marshall v. Rench, 3 Del. Ch. Rep., 240; Hattersley v. Bissett, 50 N. J. Eq., 577; Thompson v. Thompson, 2 Strobh, 48.

3. The appellant was not, by the will of her father, required to make an election. 11 A. & E. Ency. of Law (2d ed.) 59, 60, 68, 75, 97, 101; Clay v. Hart, 7 Dana, 5; Honeywell's Estate, 9 Kulp, 340; Shanley v. Shanley, 54 N. Y., 652; Mills v. McCaustland, 74 N. W., 932; Radcliffe v. Morris, 87 Ky., 26.

4. Intention to require an election can not be gathered from the instrument. Statements of testator or settler are not admissible. Timberlake v. Parrish, 5 Dana, 346; Macauley v. Buckner, 87 Ky., 171; Mudd v. Williams, 11 Rep., 417; Chenault v. Chenault, 88 Ky., 83; McBrayer v. McBrayer, 95 Ky., 475; Tuttle v. Berryman, 94 Ky., 555.

5. Appellant made no election. An essential condition of the doctrine of equitable election is deliberate choice, understandingly made. Pomeroy's Eq. Jur., secs. 512, 513, 515; Dabney v. Bailey, 42 Ga., 521; Wake v. Wake, 1 Vesey, 335; Stopwith v. Mogham, 30 Bev., 235; 11 A. & E. Ency. of Law (2d ed.) 97; Fitts v. Cook, 5 Cush., 596; Baker v. Red, 4 Dana, 161; Tomlin v. Jayne, 14 B. Mon., 162; Farris v. Dunn, 7 Bush, 285; Leidigh Carriage Co. v. Stengel, 95 Fed., 637; Standard Oil v. Hawkins, 20 C. C. A., 468.

6. The recitals of a consideration in a deed are evidences of the true consideration, and stand until overcome by other satisfactory evidence. Hill v. Pettit (decided by Ky. Court of Appeals, Jan. 15, 1902); Trumbo v. Cartwright, 1 Mar., 582; Hutchison v. Sinclair, 7 Mo., 292; Gully v. Grubb, 1 J. J. M., 387; Davenport v. McCampbell, 17 B. Mon., 42; Gordon v. Gordon, 1 Met., 287; Engleman v. Craig, 2 Bush, 427; Bryant v. Hunter, 6 Bush, 76; Brown v. Parrish, 2 Dana, 6.

7. Statements of a vendor after conveyance or out of possession are not admissible against his vendee. Carpenter v. Carpenter, 8 Bush, 283; 2 Jones on Evidence, sec. 256; Greenleaf on Evidence, vol. 1, sec 189; West v. Price, 2 J. J. M., 380.

PRYOR & SAPINSKY, ATTORNEYS FOR APPELLEES.

In January 1887, Andreas Vogt executed a deed of trust to Albert A. Stoll, trustee, to secure a note for $5,000 executed for

the benefit of Catherine Vogt (wife of Andreas Vogt) and Andrew Vogt, Jr., Albert Vogt, and Kate Vogt, infant children of Andreas and Catherine Vogt. Stoll resigned as trustee before this suit was brought and the Fidelity Trust & Safety Vault Co., qualified in his stead. This deed was executed after Andreas and his wife Catherine had been divorced and was given to secure her in the sum of $5,000, agreed on in lieu of alimony and dower in Andreas' estate. The land embraced sixty and one-fourth acres. Said note bore interest at six per cent. payable semi-annually, and in the event of failure to pay interest as it matured, the trustee had the right to declare the mortgage due, and enforce its collection. The interest on this money was to be paid to Catherine Vogt during her life, and at her death the principal of $5,000, was to be held and invested by said trustee for the benefit of said infant children. The interest was paid during the life of said Andreas, but on April 21, 1893 he died, leaving three children surviving him by his first wife; John Vogt, Amelia Schaefer and Sophia Frederick; since then John has died leaving a widow (Louisa Vogt) and two infant children and it is for these two infant children that we appear. The Louisville Trust Co. is their guardian. In August 1897, this suit was instituted on the $5,000 note, asking judgment enforcing the lien and sale of the land to pay same. After making this deed of trust, Andreas Vogt made a will, in which he undertook to equalize all his children, giving to Amelia Schaefer twenty-eight and one-half acres of land in which he then resided, to Sophia Frederick, wife of Alois Frederick, thirty-three and one-fourth acres, on which they resided and to John Vogt forty acres, being a portion of the sixty and one-fourth acres held by him, and directing that the balance of said sixty and one-fourth acres (being twenty and one-fourth acres) be sold by his executor to pay off the mortgage on his land, and further provided that "if the proceeds of the sale of said twenty and one-fourth acres, be not enough to pay off the mortgage debt, and also the $1,000 devised to my grandchild, Theresa Frederick, then my children, Amelia Schaefer, Sophia Frederick and John Vogt shall pay over the balance of said debt share and share alike;" and his remaining property was devised equally to his said three children, Amelia, Sophia and John.

It appears that on June 10, 1889 Andreas Vogt made a deed to his daughter, Amelia Schaefer (appellant herein) for the twenty-eight and one-half acres, on which he then resided, for the recited consideration of $6,000. The trustee obtained judgment, but instead of selling the whole of the sixty and one-

fourth acres, he followed the will, and sold only twenty and one-fourth acres thereof realizing $2,000 which was applied as a credit on the judgment, leaving a balance, with interest added, of $4,190 to be paid by the three children, Amelia, Sophia and John (deceased) being $1,396.66 to each child. Judgment was entered directing that this balance $4,190 be paid, one-third by Amelia Schaefer, one-third by the infant children of John Vogt, and one-third by Sophia Frederick, and a lien was given on the property held by them respectively to pay the same. Sophia Frederick paid her share, $1,396.66 into court and secured her release.

Amelia Schaefer, though having been properly served with process, on January 3, 1899, came into court and moved to set aside said judgment claiming her twenty-eight and one-half acres under her deed of June 10, 1889, instead of claiming it under the will. We contend that having accepted personal property under the will and having let judgment go against her she is now estopped from claiming under the deed. The lower court held that having elected to take under the will she is bound thereby, and protected the interests of these infant defendants and we submit the judgment should be affirmed.

### AUTHORITIES CITED.

Smart v. Easley, 5 J. J. Mar., 214; Gore v. Stephens, &c., 1 Dana, 201; Huhlein v. Huhlein, 87, 247; McQuerry v. Gilliland, 89 Ky., 434; Brownsenne v. Schmitt, 91 Ky., 465; McIlvain v. Porter, 9 R., 900.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

Andreas Vogt was twice married. He had by his first wife three children, Amelia Schaefer, Sophia Frederick, and John Vogt; by his second wife, Catherine, he had also three children, Andreas Vogt, Jr., Albert Vogt and Katie Vogt. In 1886 his second wife procured a divorce from him, and in settlement of her claims for alimony and dower he executed his note to A. A. Stoll, as trustee for her and her infant children, for the sum of $5,000, due eight years after date, with annual interest thereon at the rate of 6 per cent., which was secured by a mortgage on a tract of 60¼ acres of land lying in Jefferson county. On the day following

the execution of this note and mortgage, Vogt made the following will: I, Andreas Vogt, being of sound mind and memory and knowing the certainty of death and the uncertainty of life, do hereby make this, my last will and testament: First, I devise to my daughter Amelia Schaeffer, wife of Joseph Schaefer, the land and real estate on which she now resides, being (28½) twenty-eight and one-half acres of land, near Taylorsville turnpike, adjoining the farms of Smyser and Kramer, and being the same conveyed to me by William Vernon, etc., by deed recorded in Deed Book No. 175, page 542, Jefferson county clerk's office, to her heirs and assigns forever. Second, I devise to my daughter Sophia Frederick, wife of Alois Frederick, the real estate on which she lives, being (33¼) thirty-three and one-fourth acres of land, on the Louisville and Taylorsville turnpike road, in Jefferson county, Kentucky, being the same conveyed to me by deed recorded in Deed Book No. 216, page 639, Jefferson county clerk's office, to have and to hold unto her heirs and assigns forever. Third. I devise unto my son, John Vogt, (40) acres of land I purchased of D. Lavielle and wife by deed recorded in Deed Book No. 103, page 271, Jefferson county clerk's office, the tract containing sixty and one-fourth (60¼) acres. The forty acres I give to my son John adjoins immediately the lands of Jacob Roederer and James McCurdy, and includes the dwelling house and improvements, to his heirs and assigns forever. Fourth. I desire that the child Theresa Frederick, daughter of my deceased daughter, Maria Frederick, shall have paid to her one thousand dollars ($1,000.00). Fifth. I desire that the remaining tract of (20¼) twenty and one-fourth acres, which is the remaining part of the (60¼) sixty and one-fourth acre tract of which forty acres was conveyed to my son, John, by this will, be sold by my executor for

the purpose of paying off the mortgage debt which I now have on my lands. Sixth. If the proceeds of said sale of twenty and one-fourth acres be not enough to pay off the mortgage debt, and also the one thousand dollars devised to my grandchild Theresa Frederick, then my children, Amelia, Sophia Frederick and John Vogt, shall pay over the balance of said debt, each one share and share alike. Seventh. If at my death any cash money, or any property, real, personal or mixed, not devised in this will, remains, it shall be given in equal shares to my three children. Eighth. I desire that a nice tombstone be erected on my grave. Ninth. I appoint Alois Frederick executor of this, my last will and testament, without bond. in testimony whereof, I have hereunto placed my signature this twenty-first day of January, 1887. [Signed] Andreas Vogt." The forty acres of land devised by the third clause of this will to his son, John Vogt, constituted a part of the 60¼ acres which he had mortgaged on the previous day to secure the payment of the $5,000 note executed to Stoll as trustee. And on the tenth day of June, 1889, Andreas Vogt executed and delivered a general warranty deed to his daughter Amelia Schaefer for 28½ acres of land devised to her in the first clause of his will, and put her in possession thereof, for the recited consideration of $6,000 paid in cash. During the life of Andreas Vogt the interest on the note executed to Stoll was paid. He died on the 21st of April, 1893, and the will of January 21, 1887, was found among his papers unchanged, and was duly probated. In addition to the real estate disposed of by the will, the decedent owned personal property, consisting in the main of household furniture, of the value of about $1,000. After his death, a meeting was held by the devisees and heirs at law, and the will was read to them by

Frederick, who was named as executor in the will. At this meeting, the executor and John Vogt notified Mrs. Schaefer that the 28½ acres of land deeded to her by her father was liable for one-third of the note for $5,000 executed by decedent to Stoll, and the interest thereon until maturity, and that the deed was invalid unless she could demonstrate that she had actually paid the consideration recited therein. A number of depositions have been taken to prove what occurred at this meeting, and the statements of the witnesses are quite conflicting; but we think it fairly appears that Mrs. Schaefer insisted that her deed was good, and that she intended to claim under it, and complained that she did not receive a full share with the other children under the will. She accepted, however, one-third of the personal property devised in the seventh clause of the will, and paid one-third of the interest due on the note to Stoll for three or four years. In August, 1897, the trustee, Stoll, instituted this suit upon the $5,000 note, and asked that the mortgage be enforced and the property sold to satisfy the principal and unpaid interest of the debt. In the meantime, John Vogt had died, leaving a widow and two infant children. The Louisville Trust Company qualified as guardian for the infants. Subsequently Sophia Frederick, her husband, the executor of Andreas Vogt, and the trust company as guardian of the infants, filed their answer, and asked that the court should first decree a sale of the 20¼ acres of land directed to be sold in the sixth clause of the will of testator to satisfy the mortgage, and that, if the proceeds derived from the sale of this tract of land should be sufficient to pay the debt, the three children of testator, Mrs. Schaefer, Mrs. Frederick and Mrs. Vogt, should be compelled to pay their proportion of the difference, as required by the seventh clause of the will of

Andreas Vogt. The 20¼ acres realized $2,000, which was credited upon the mortgage debt, leaving unpaid thereon $4,190. Mrs. Frederick paid one-third of this amount, $1,396, into court. Mrs. Schaefer, for reply to the cross petition of Mrs. Frederick and the trust company, denied that she owed any part of the $4,190 due on the note to Stoll; that the 28½ acres of land devised to her by the will could be charged with any part thereof, and alleged that she owned the 28½ acres of land by virtue of the deed made to her by her father in his lifetime, and that he had, by mistake and oversight, failed to correct his will; alleged that the land constituted no part of the estate of Andreas Vogt at his death, and that he had no power to charge the land with the payment of any part of his debts, and that he did not intend to do so. The pleading being made up, upon final submission the trial court adjudged that Mrs. Schaefer was liable for one-third of the balance due upon the deed to Stoll as trustee, and adjudged a lien against her land to that amount; and, in the opinion filed by him, he rested his decision upon the provisions of sections, 2068, 4833 and 4835 of the Kentucky Statutes, and upon the opinion of Hazlewood's Ex'r v. Webster, 82 Ky., 409 (6 R., 376).

It was a rule of the common law that a sale by the testator, subsequent to the making of his will, of land or chattels devised by it, was an ademption or extinguishment of it as a legacy, so that the legatee's right or claim to it was lost. To change this rule of the common law, section 2068 and 4835 of the Kentucky Statutes were enacted. Section 2068 is as follows: "The conversion, in whole or in part, of money or property, or the proceeds of property devised to one of the testator's heirs into other property or thing, with or without the assent of the testator, shall not be an

ademption of the legacy or devise unless the testator so intended; but the devisee shall have and receive the value of such devise unless a contrary intention on the part of the testator appear from the will, or by parol or other evidence." And section 4835 further provides that "no conveyance or other act subsequent to the execution of a will shall, unless it be an act by which the will is revoked as aforesaid, prevent its operation with respect to such interest in the estate comprised in the will as the testator may have power to dispose of by will at the time of his death." There is nothing in either of these sections of the statutes which was intended to prevent the transfer of property previously devised by will during the life of the testator. In the case of Hazelwood's Ex'r v. Webster, supra, it was decided that the mere sale of real estate devised by will did not create a presumption that the testator intended to revoke the devise, but that the burden of proof was upon the party claiming against the will to show that the testator intended a revocation or ademption of the devise by the will. The case of Duncan's Trustee v. Clay, 13 Bush, 48, is to the same effect. In that case it was held that a gift to a devisee by the testator after making his will disposing of his entire estate, it not appearing by parol or other evidence that the gift was intended as a satisfaction in whole or in part of the devise, is not chargeable against the devisee as an advancement or ademption, in whole or in part, of the devise. Section 4839 of the Kentucky Statutes provides that "a will shall be construed with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will." Neither the sections of the statute

nor the case relied on have any application to the facts of the case at bar. They would apply if Mrs. Schaefer were contending that the devise to her under the first clause of the will was not revoked by the deed, and she was therefore entitled to participate with the other devisees to the extent of the value of the estate disposed of by the will. In this state of case the burden would be upon appellees to allege and prove that by the deed the testator intended to satisfy the devise to 'the appellant. By the execution and delivery of the deed to Mrs. Schaefer in 1889, testator parted with all of his interest in the land conveyed, and it was no longer in his power to charge it with the payment of any sums of money, by will or otherwise. These conclusions are fully sustained by the opinion in Marshall v. Rench, 3 Del. Ch., 240, which was a case very much like this. In response to the contention that the will and deed were one, and should be construed together as one instrument, the court, on page 253, said: "A will can operate only on such lands as the testator may hold at his decease. In this case the testator so expressly directed. Afterwards, by these conveyances, the legal effect of which he must be presumed to have understood, he withdrew part of his lands from under the devise, leaving it to apply only to the residue. Nothing but the residue, then, can be included in the petition by force of the will." And in response to the contention that the conveyances should be held to be a satisfaction of the devise in the will, the court, on page 258, said: "The testator and grantor either mistook the legal operation of these conveyances, or through ignorance or inadvertence omitted to make a codicil to his will. But for this there is no remedy. Where a party makes just such an instrument as he intends to make, without fraud, surprise, or mistake in fact, an error as to the legal effect

of the instrument can not be corrected. After a full consideration of the whole subject, I am unable though disposed to do so, to bring the lands conveyed to the defendant into the partition. This result disappoints the testator's expectation, and works great inequality among his children, but this is a mischief far less than it would be to relax rules of law settled upon great consideration for the protection of rights of property. Instances, like this, or hardship, or even of injustice, are unavoidable. It is not possible by any system of jurisprudence to administer exact justice in every case. The best system is that which affords such rules as will secure justice in the ordinary course of human transactions, and to such rules, once settled, it is the duty and the part of wisdom for the court to adhere."

We therefore conclude that the judgment of the trial court can not be sustained upon the theory advanced in the opinion. But counsel for appellees contend that after the death of her father the appellant was put to an equitable election either to take under the will or against it, and that, as she elected to receive her part of the personal property advanced by the seventh clause of the will, she bound the land previously conveyed to her by her father for the payment of one-third of the mortgage, as provided for in the sixth clause of the will. The law is well settled in this State that a person can not claim both under and against a will, and the acceptance by the devisee under a will of a legacy is, by operation of law, an abandonment of all claim to other property devised by the will. But we are unable to perceive how this doctrine can have any application to the case at bar. It is true that appellant accepted her part of the personal estate devised by the third clause of the will, but she claims the land, not under the will, but

Schaeffer v. Vogt's Trustee, &c.

under the deed. Sections 2084 to 2088 of the Kentucky Statutes, inclusive, provide that a devisee or heir shall be personally liable for the debts of the ancestor to the extent of assets received; and, by the acceptance of one-third of the personal estate disposed of in the seventh clause of the will, appellant became liable for the debts of her father to the extent of the personalty so received by her, but the acceptance of this property did not have the effect of making either her personally or her estate liable for the debts of the testator beyond the amount of the property so received by her. Whilst there is testimony in this case conducing to show that appellant did not in fact pay the full consideration for the land recited in the deed, there is no charge in the pleadings that the deed of appellant was obtained by fraud or mistake, or any prayer for its cancellation; nor is there any evidence to support the averment that there was an understanding between appellant and testator that she should hold the land for the benefit of the testator during his life, with remainder over for the benefit of his estate. And in our opinion, the doctrine of election does not arise under the facts.

For the reasons indicated, the judgment is reversed, and the cause remanded, with instruction to dismiss the cross proceedings by appellees in so far as they attempt to subject the real estate of appellant to the payment of any part of the mortgage debt due to Stoll as trustee.

Whole court sitting.