(49 Misc. Rep. 157)

## HOFFMAN v. STEUBING et al.

(Supreme Court, Special Term, New York County. January, 1906.)

1. WILLS—DEVISE OF REALTY—REVOCATION.

Where, after execution of a will devising real estate, the land is sold, the devise is revoked.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1015, 1986.]

2. SAME—RIGHTS OF DEVISEE.

Where testator devised real estate to his wife free of incumbrance, and directed his executors to pay any mortgage thereon and to pay his wife $10,000, which provisions were in lieu of dower, and after the execution of the will testator conveyed the real estate, the bequest of $10,000 was in lieu of all claim for dower, and it was for the widow to elect whether to assert her right of dower or to accept under the will, and she was not entitled to a proportionate share of the proceeds of a sale of the real estate, nor to a bequest of the amount of the mortgage on the land which the executors were authorized to pay.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 2027.]

3. SAME—CONSTRUCTION.

Testator devised certain real estate to the support of any child of his daughter's marriage, of which there was none, and in case such child should not reach majority, gave the real estate or the proceeds derived from the same to his daughter, and provided that, in the event of the sale hereafter had of said premises, on the death of the daughter the proceeds should be paid over to a granddaughter. Testator in his lifetime sold the premises, taking back a mortgage for the price. *Held*, that as the fee of the property was devised, should testator die possessed, the proceeds from the premises meant the proceeds from the sale of the premises.

Action by William Hoffman against Katherine Steubing and others to construe a will. Judgment rendered.

Guggenheimer, Untermyer & Marshall, for plaintiff.

Hugo Ritterbusch, for defendants.

McCALL, J. The decedent, Henry Steubing, in his lifetime· executed a last will and testament by the terms and conditions of which he specifically devised several pieces of property. By reason of his conveying the title to these properties after the execution of his will, some dubiety has been occasioned as to the rights of his surviving widow; and an expression of the court is sought in this action in the sense of construing the several clauses containing the said devise. The will was executed on the 21st day of July, 1902. The testator died on December 31, 1904, and the will was admitted to probate on the 21st of January, 1905. The clauses or paragraphs which are to be subjects of our consideration are numbered respectively third, fourth, fifth, and sixth, and read as follows:

"I give and devise unto my beloved wife, Katherine Steubing, the premises now commonly known and designate as No. 5 West One Hundred and Thirty-Fourth street of Manhattan, city of New York, free and clear of all incumbrances. If the said premises No. 5 West One Hundred and Thirty-Fourth street should at the time of my decease be incumbered by a mortgage, then I direct my executors, hereinbefore named, to cause said mortgage to be paid out of my estate, so that my said wife shall receive the title to the said premises free from all incumbrances. I further direct my executors, hereinbefore

named, to pay to my said wife, Katherine Steubing, the sum of ten thousand dollars ($10,000), these provisions for my said wife being in lieu of dower.

"Fourth. All the furniture, ornaments, silverware, jewelry, and other personal effects which shall be contained in the house occupied by me at the time of my death, with the exception of three pieces, viz., a bedstead, wardrobe, and dressing case, contained at the date hereof in the second parlor of my present residence, I give and bequeath to my said wife Katherine Steubing. The aforesaid three pieces of furniture I give and bequeath to my daughter, Wilhelmina Elizabeth Hoffman, and, in the event of her not surviving me, then to my granddaughter, Henrietta W. A. Hoffman.

"Fifth. I give, devise, and bequeath unto my executors, hereinbefore mentioned, the premises known at the present time as No. 900 Third avenue, situated in the borough of Manhattan, city of New York, and, in addition thereto, the sum of ten thousand dollars ($10,000) in cash, in trust, nevertheless, to collect and receive the rents, issues, and profits thereof, and to apply the same to the support, education, and maintenance of such child as shall be born to me by my present wife, Katherine Steubing, until such child shall attain the age of twenty-one years. * * * (In the event of such child of my said wife, Katherine Steubing, not arriving at the age of twenty-one years, then and in that event I give and devise the said premises No. 900 Third avenue, together with the principal sum of ten thousand dollars [$10,000], hereinbefore mentioned, or the proceeds derived from the premises No. 900 Third avenue, unto my daughter, Wilhelmina Elizabeth Hoffman. In the event that my said daughter, Wilhelmina Elizabeth Hoffman, should not then be living, then I direct that the title to the said property 900 Third avenue and the trust fund of said ten thousand dollars, or, in the event of the sale hereinafter had of said premises, then the proceeds derived from same shall be paid over unto my grandchild, Henrietta W. A. Hoffman.)

"Sixth. All the rest, residue, and remainder of my estate, both real and personal, of which I shall die seised or possessed, or in or to which I shall have any right, title, or interest, wheresoever the same may be situated, I give, devise, and bequeath unto my executors and . trustees, hereinbefore named, or to the survivor of them, in trust, to collect and receive the income of said rest, residue, and remainder of my estate, and, after payment of all expenses, charges, and outlay from said income, to pay the balance of said income unto my daughter, Wilhelmina Elizabeth Hoffman, during her natural life, and, upon her decease, to pay over the rest, residue, and remainder of my said residuary estate unto my grandchild, Henrietta W. A. Hoffman."

On April 15, 1904, testator sold the premises No. 5 West 134th street, his wife joining in the conveyance, and at the time of the transfer the title was burdened with a mortgage of $8,000, and, by direction of the testator at the time of the transfer, a purchase-money mortgage was executed by the grantee to testator's daughter, Wilhelmina S. Hoffman, for $6,000. On January 20, 1903, testator transferred premises No. 900 Third avenue, receiving as a consideration therefor $56,000, of which $12,000 was paid in cash and the balance, $44,000, by taking purchase-money mortgage therefor. The deceased and Katherine Steubing were married July 30, 1901, and no issue was born of the marriage. At the time of his death he was seised of two pieces of real estate, which are conceded to be worth $48,500. The total cash assets which came into the hands of the plaintiff, as executor, amounted to $127,151.32. It must be accepted as admitting of little cavil or dispute that the sale or alienation by the testator in his lifetime of the premises No. 5 West 134th street, and No. 900 Third avenue revoke the specific devise of same, as shown by his will. In the one instance (the 134th street property), the revocation was absolute and, at the time of testator's death, this particular piece was converted into a different estate, and the devise as originally provided for by testator's will lapsed. McNaughton v. McNaughton, 34 N. Y. 201;

Gray v. Gray, 5 App. Div. 132, 39 N. Y. Supp. 57. In the instance of No. 900 Third avenue, while the same doctrine, that by reason of the sale by testator during his life of this particular piece there has been wrought a revocation of the devise, is applicable, still by reason of the fact that testator has specifically provided in this case what is to be done with proceeds of sale under certain contingencies, if one is had, call is made for a rendering of that particular portion of the fifth clause of said will, and a following to an ultimate disposition of this part of the estate, so that there may be thorough conformity to the will of testator. Of course, the primary intention of testator, by the creation of the estate provided in this clause, was the care, maintenance, support, and education of any child that might be born of his marriage with Katherine Steubing. No child was ever born of such marriage, and expressly providing against the contingency of such child, if born, not arriving at majority, he passes the property, with the $10,000, or, in event of sale, the proceeds derived therefrom, to his daughter, Wilhelmina Elizabeth Hoffman, if she be then alive. I know that the language employed is, "or proceeds from the premises No. 900 Third avenue"; but, inasmuch as he absolutely devises the fee of the property, should he die possessed and such contingency arise, it must of necessity follow that, if he has disposed of the property, "the proceeds from the premises" means proceeds from sale of the premises. And this, too, whether such sale occurred before or after testator's death. On the question of the widow's position and the attitude to be assumed by her as to her dower rights, in my judgment she is practically in the position where she is bequeathed $10,000 in lieu of all claim for dower, and she must elect whether she will accept the same, or, in the alternative, assert her right of dower in the real estate of which decedent died seised. She is not entitled to the equivalent of the proceeds of the sale of the 134th street property, nor can there be spelled out in her favor a bequest of $8,000 by implication, because, in keeping with his original intention to give her that house, he desired it should go to her free of a mortgage incumbrance of that amount. His subsequent alienation of that property, the widow, then wife, joining in the execution of that instrument, absolutely disposes of that question; and, if further light of testator's intention was needed, the taking back of a purchase-money mortgage not in wife's name, but daughter's, speaks too plainly on that score.

Judgment accordingly. Submit findings.