10257

McFADDIN v. LUMPKIN *ET AL.*

(100 S. E. 168.)

1. INFANTS—INFANT'S EXCEPTIONS TO MASTER'S REPORT MAY BE FILED AT HEARING.—In a proceeding to marshal assets and adjust equities among parties claiming portions of the land of an estate, where an infant defendant's guardian *ad litem* did not except to the master's report, it being duty of Court to guard rights of infants, Court could allow infant's exceptions to be filed at any time, before or at hearing.

2. DEEDS—POWER—WILL EXECUTED BEFORE DEED NOT EXERCISE OF POWER THEREIN.—Under a deed in trust for grantee to sell and convey to such person as she may be directed by grantor, upon death of M. grantee to reconvey to grantor, and upon the death of grantor before reconveyance to him, or upon his death before death of M., to convey to such person as directed by grantor's will, and, in default of such appointment, grantee to become the owner in fee, the grantee had a vested remainder in such lands as should be left after such conveyances as were directed by grantor during his lifetime, defeasible only by execution of a new will by grantor, directing conveyance to some one else, and a will of the grantor, executed prior to the deed, was not an exercise of the power reserved, so as to defeat grantee's remainder.

3. WILLS—WILL REVOKED PRO TANTO BY SUBSEQUENT DEED.—A deed is a revocation of a will previously made *pro tanto*, unless provision is made to the contrary in the deed.

4. APPEAL AND ERROR—FINDINGS OF FACT NOT REVIEWABLE.—A finding of Court, with the facts before him, will not be disturbed.

Before MEMMINGER, J., Richland, Spring term, 1918. Reversed.

Action by Susan McFaddin against Charlie Lumpkin and others. Judgment for plaintiff, and certain defendants appeal.

The will of Emanuel Holman was dated May 1, 1905, he died December 4, 1908, and the will was admitted to probate December 19, 1908. His deed to Mary Holman was executed and delivered January 7, 1907; and by it lands were conveyed to the use of Mary Holman, in trust nevertheless "to sell and convey to such person or persons, in

whole or in such parcels, at such time or times, as she may be directed to do by the said grantor, free of all trusts, and upon the death of the said Melissa, before the death of the said Emanuel, the said Mary is to convey the same or the remainder thereof not previously conveyed, in fee simple, to the said Manuel, and upon the death of the said Manuel before such conveyance or before the death of his wife, Melissa, to convey the same to such person or persons as she may be directed to do by the will of the said Manuel Holman, and in default of such appointment, then the said Mary Holman shall become the owner in fee."

*Messrs. D. C. Ray* and *Archibald W. Ray,* for appellants, submit: (1) *The infant defendants were not precluded from being heard in opposition to the confirmation of the master's report by failure of guardian ad litem to file exceptions thereto—and especially so as report was never served upon guardian ad litem:* 108 S. C. 12; 93 S. E. 425; 36 S. C. 445; 15 S. E. 723. (2) *That the deed to Mary Holman conveyed to her in her own right a vested remainder in such lands as should be left after such conveyances as were made by Emanuel, defeasible only by the execution of a new will by Emanuel Holman, directing her to convey the property to some one else, and that not having done so, Mary became the owner in fee simple upon the death of Emanuel —our main point being that in South Carolina a power cannot be executed by a will executed long before the creation of the power:* Washburn on Real Property (6th Ed.), vol. II, sec. 1079; 4 Rich. Eq. 476; 14 S. C. 541; 31 Cyc. 1126 (citing 14 S. C. 528); 31 Cyc. 1130-1131; 13 Vesey Jun. 344 (33 Eng. Reprint) 321; 17 Rhode Island 299 (21 Atlantic 914), and cases cited; English Wills Act; Jarman on Wills, vol. III, pp. 721, *et seq.,* footnote on p. 797; 1 Story 426; 4 Kent, p. 328; 2 Strob. Eq. 137; 4 Rich. Eq. (5 Syllabus), p. 305; 15 S. C. 337; 36 S. C. 440; 105 S. C. 437. *Prater v. Whittle, 16 S. C. 40; Gable v. Ranch, 50 S. C. 95, and Barbot v. Thompson, 94 S. C. 3, cited by the*

*master and relied on by the respondents, have no application here.* (3) *Plaintiff's attorney has no right to be paid a fee out of the estate of Emanuel Holman:* 30 S. C. 493.

*Messrs. Green & Green* and *Henry F. Jennings,* attorneys for Susan McFaddin, respondent.

*Messrs. DePass & DePass* and *Alfred Wallace, Jr.,* attorneys for Melissa Holman, respondent.

*Mr. James H. Hammond,* attorney for James Edwin, respondent.

*Messrs. Halcot P. Green* and *Henry F. Jennings* submit: *That the will of Emanuel Holman, executed prior to the creation of the power, was a valid execution of the power:* 94 S. C. 3. *In this State one's last utterance is his last will and testament:* 15 S. C. 336; 16 S. C. 40; 50 S. C. 95. *A will antedating the creation of a power in a trust deed may be sufficient as an execution of the power:* 64 L. R. A. (note) 988; 36 S. C. 440. *When will the Court infer an intention to execute the power:* 94 S. C. 3; 48 S. C. 516; 14 S. C. 528. *The guardian ad litem not having excepted to the master's report, the rights of the infants are fixed and determined by it:* 41 S. C. 103; 76 S. C. 566.

August 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was heard by his Honor, Judge Memminger, at the Spring term of Court, 1918, for Richland county, who filed his decree, from which appeal is taken. The action purports to be brought to marshal assets, adjust equities among the parties claiming portions of the land of Emanuel Holman, and to apply to the debts and expenses of this suit and of the estate the lands undisposed of, except in the residuary clause of the will, to the exoneration, as far

as possible, of the specific devises under the will, and to set apart the remaining portions of the land devised to the respective devisees.

The points made by the appeal are, first, what standing the infant defendants have in the Court; the guardian *ad litem* not having excepted to the master's report. This is a matter of discretion with the Court. It is the duty of the Court to guard the rights of infants, whether exceptions have been filed to the master's report or not within the time fixed. The Court can allow exceptions filed at any time, before or at hearing, by an infant. Mr. Justice Hydrick, in *Barfield v. Barnes,* 108 S. C. 12, 93 S. E. 428, says: "However, the duty and responsibility of safeguarding the rights of infants rests primarily upon the Judges of the Circuit Court."

It is their duty to safeguard an infant's rights in any case that comes before them, and to see to it that the interest of the infant is fully looked after, protected, and safeguarded.

The next point made by the exceptions is second, that the deed to Mary Holman conveyed to her in her own right a vested remainder in such lands as should be left after such conveyances as were made by direction of Emanuel, defeasible only by execution of a new will by Emanuel Holman, directing her to convey the property to some one else, and that, not having done so, Mary becomes the owner in fee simple upon the death of Emanuel. An inspection of the deed shows that it does not refer at all to any existing will. The deed from Emanuel to Mary shows, first, Mary to sell and convey to such person as she may be directed to do by Emanuel; second, upon the death of Melissa before Emanuel, Mary to convey to Emanuel; third, upon the death of Emanuel before conveyance to him, or upon the death of Emanuel before Melissa; fourth, Mary to convey the land to such person as she may be directed to do by the will of Emanuel; fifth, in default of such appointment, then Mary to have the fee.

A deed is a revocation of a will previously made *pro tanto*, unless provision is made to the contrary in the deed. There is nothing in the deed to show that the will previously made is to remain in force. No reference is made to it in the deed. Provision in the deed necessarily refers, not to an antecedent will, but to a will to be made in the future. The deed contemplated a future direction. The existing will was in the past, and direction, if any, was in the past. The deed contemplated and provided for a future direction, and there was no direction by the grantor after the execution of the deed by him, and these exceptions must be sustained.

This ruling carries with it the next exception, as to whether or not the plaintiffs' attorneys are entitled to a fee to be paid out of the lands involved here. They are not, and these exceptions are sustained.

The next question is the contention that Susan McFaddin was not entitled to be paid $50, or any sum whatever, for the funeral expenses of Emanuel Holman. His Honor, with the facts before him, found that she was, and we are not disposed to interfere with his finding, and this exception is overruled.

Judgment reversed.

Messrs. Justices Hydrick, Fraser and Gage concur.

Mr. Chief Justice Gary did not sit.