(No. 7070. July 1, 1943.)

ANNA A. STONE, Appellant, v. SUSA B. FISHER, one of the Executrices of the Estate of Elizabeth Webster, deceased, and one of her heirs, and H. FRED GARRETT, JOHN M. GARRETT, LEAH J. PETERSON, JOSEPH A. WEBSTER and DANIEL S. WEBSTER, Respondents.

[139 Pac. (2d) 479.]

Thornton D. Wyman and Maurice H. Greene for appellant.

James H. Hawley, Wm. C. Dunbar, and Harry S. Kessler for respondents.

BUDGE, J.—The facts on this appeal are not seriously in dispute and are substantially as stated in appellant's brief as follows:

Elizabeth Webster executed her will June 8, 1935. She died testate on October 18, 1937, and, thereafter, on November 30, 1937, her will was admitted to probate in the Probate Court of Ada County.

Mrs. Webster, who will hereafter be referred to as the "testatrix", was the mother of four children of whom two are living. To Anna A. Stone, appellant, and to Susa B. Fisher, one of respondents, testatrix left each one-fourth of her estate; to Fred Garrett and John Garrett, children of one of her deceased children, one-fourth of her estate; to Leah J. Peterson and Daniel S. Webster, children of her other deceased child, she left the remaining one-fourth interest; to Joseph A. Webster, one of her grandchildren, she left the sum of $100.00.

The will contains the following provisions:

"THIRD: I give, devise and bequeath to my daughter, Anna A. Stone, an undivided one-fourth interest of, in and to all the rest, residue and remainder of my property whether real, personal or mixed, of which I may die seized; provided, however, that a portion of said undivided one-fourth interest shall consist of the house and lot where I now reside, described as Lot 3 and South 5 feet of Lot 2 in Block "B" of Brumback's Addition to Boise City, Idaho, together with all personal effects contained in said house at the time of my death; consisting of household furniture, rugs, carpets, dishes, utensils, stoves, books, bedding, clothing and articles of like character, and which said house and lot and the personal effects I value at Twelve Hundred Dollars ($1200.00); it being my intention that the personal effects and real property referred to in this paragraph shall go to the said Anna A. Stone and that none of the other devisees named in this will shall share therein."

On June 15, 1936, approximately one year after the execution of her will and prior to her death, testatrix made and delivered to Anna A. Stone, appellant, a gift deed of the real estate described in the above paragraph 3 of her will.

On December 2, 1941, John and Fred Garrett, two of the legatees named in the will, filed their petition for partial distribution of the estate. After a hearing, the Probate Court entered its decree for partial distribution, which provided in part:

"That the above described property and funds shall be distributed to the respective heirs and legatees of said deceased according to the will, as follows, to-wit:

"To Anna A. Stone, an undivided one-fourth interest, less the sum of $1200.00, the value of the real estate deeded to her by deceased."

On the 6th day of March, 1942, the commissioners appointed to make a partition filed their report in the Probate Court by which they proposed to distribute the "Anna Stone house" to appellant and charge her interest in the estate with the sum of $1200.00, as the value of the house. To this report appellant filed her objections that the property was not a part of the assets of the estate. On the same date the Probate Court entered its order approving the report of the commissioners and distributing the "Anna Stone house" to appellant and charging her interest in the estate with the sum of $1200.00.

On the 14th day of November, 1941, Susa B. Fisher, a joint executrix of the will with appellant, filed a report and account of the estate. In her report, Mrs. Fisher included as an asset of the estate the real estate described in the will, being the property deeded by testatrix to appellant five years before. Appellant filed a concurrence in part of the report made by Mrs. Fisher and also specific objections thereto, particularly objecting to the inclusion of the real estate as an asset of the estate and specifically objecting to the charging of appellant's interest with the sum of $1200.00 as the value of the property. A hearing was had on the report and objections above referred to and on March 31, 1942, the Probate Court entered its order which reads in part as follows:

"It Is Further Ordered that as to the objection of Anna A. Stone as one of the executrices and heirs of Elizabeth

Webster, deceased, of the inclusion of the following described real estate as part of the assets of the estate in the Inventory and Partial Account of Susa B. Fisher, and the charging of the value thereof or (as) a part of her share of the estate:

"It Is Ordered that

"Lot Three (3) and the South Five (5) feet of Lot Two (2), Block B, Brumback Addition to Boise, Idaho, deeded by Elizabeth Webster to Anna A. Stone prior to the death of said Elizabeth Webster is to be considered as a part of the one-fourth interest of said Anna A. Stone in the estate of Elizabeth Webster at the value of $1200.00."

Appeals on questions of both law and fact were taken by appellant to the District Court from the order approving the account, the order confirming the report of the Commissioners in Partition and the Decree of Partial Distribution. Upon a trial de novo in the District Court, the evidence presented by appellant consisted of the proceedings had in the Probate Court, and the deed from testatrix to appellant. Respondents offered no evidence. The cause was submitted to the District Court on June 13, 1942, whereupon, the court entered its decree affirming the orders and decree of the Probate Court appealed from, and remanded the cause to the Probate Court for further proceedings. This appeal is from the decree so entered by the District Court.

Appellant specifies and relies upon three assignments of error: (1) "The District Court erred in approving and confirming the Decree of Partial Distribution of the Probate Court in the estate of Elizabeth Webster, deceased, in so far as the same held the 'Anna Stone house' to be a part of the assets of said estate and that the share of Anna A. Stone in said estate should be charged the sum of $1200.00 as the value of said house.

(2) "The District Court erred in approving and confirming the report of the Commissioners in Partition in Probate in the estate of Elizabeth Webster, deceased, in so far as the same distributed to Anna A. Stone the 'Anna Stone house' and charged her share in the estate with the sum of $1200.00 as the value of the house.

(3) "The District Court erred in approving the Partial Account and Report of Susa B. Fisher and overruling the objections of Anna A. Stone thereto in so far as the 'Anna

Stone house' was included as an asset of the estate of Elizabeth Webster, deceased, and charging her share of the estate with the sum of $1200.00 as the value of the house."

As will be observed from the facts above recited, there is but one controlling question here for consideration and determination raised by appellant's assignments of error, namely: Did the Probate Court err in including the "Anna Stone house" as a part of the assets of the estate of testatrix and in charging appellant's share in said estate with the sum of $1200.00, the alleged value thereof, and did the trial court likewise err in affirming the order of the Probate Court?

Sec. 14-317, I.C.A., provides:

"If the instrument by which an alteration is made in the testator's interest in a thing previously disposed of by his will expresses his intent that it shall be a revocation, or if it contains provisions wholly inconsistent with the terms and nature of the testamentary disposition, it operates as a revocation thereof, unless such inconsistent provisions depend on a condition or contingency by reason of which they do not take effect."

The general rule is that a voluntary alienation of property by deed works a revocation of will to the extent that they are inconsistent. *In re Benner's Estate*, 155 Cal. 153, 99 P. 715, it is held, in the course of that opinion, that a sale of real estate, owned by the testator before his death, of land devised, operates as a revocation of the land so devised, as contemplated by Kerr's Civil Code, Calif., sec. 1304 (our Code, sec. 14-317). The rule seems to be further established that a will operates only upon property legally and equitably belonging to a testator or testatrix at the time of his or her death; that a valid deed voluntarily executed and delivered prior to the death of testatrix, competent at the time to make, execute, and deliver the same, revokes that portion of the will devising the property, which is no longer a part of testatrix' estate, and is removed from the provision of the will. The property so conveyed is not burdened by recitals in the will. The grantee takes title under the deed and not under the will. (*Bruck v. Tucker*, 32 Cal. 425, 431; In re Estate Tillman, 3 Cal. Unrep. 644, 31 P. 563; *McNaughton v. McNaughton*, 41 Barb. (N.Y.) 50, 54; *Beck v. McGillis*, 9 Barb. (N.Y.) 35; In re Estate Dowd, 58 How. Pr. (N.Y.) 107, 109, 8 Abb. N.C. 120; *Gordon v.

*Krovig* (S.D.) 227 N.W. 568; *Phillippe v. Clevenger*, 239 Ill. 117, 87 N.E. 858; *Johnson v. Hayes*, 139 Georgia 218; 77 S.E. 73; *Hoffman v. Steubing*, 49 Misc. Rep. 157, 98 N.Y.S. 706; *Marshall v. Hertzbelt*, 71 S.W. 1061; *Schaefer v. Voght's Trustee*, 113 Ky. 41, 67 S.W. 54; *Ansted v. Grieve*, 57 S.D. 215, 231 N.W. 912; 69 C.J. 1028, sec. 2229; *Brown v. Heller*, 30 N.M. 1, 227 P. 594.) In *Brown v. Heller*, supra, the rule announced in *Pickett v. Leonard*, 104 N.C. 326, 10 S.E. 466, is discussed and held to be the minority rule.

■ In the instant case the validity of the deed is not questioned. It is also conceded that by the execution and delivery of the deed by testatrix and its acceptance by appellant, the title to the real property so conveyed passed from testatrix to appellant. The personal property enumerated in the will, devised to appellant, remained undisturbed; said personal property, together with other property described in the will at the time of the death of testatrix, remained a part of her estate, subject to probate. The deed is absolute on its face, and by its terms, conveyed all the right, title, and interest in and to the real estate therein described, to appellant. (*McFaddin v. Lumpkin et al.*, 112 S.C. 431, 100 S.E. 168.) The deed expresses unqualifiedly the intention of the grantor, and, as heretofore stated, is inconsistent with the terms of the will and was not made pursuant to the recitals therein. The will was not revoked but the real estate conveyed by testatrix to appellant simply removed said real estate, so conveyed, from the terms of said will, and left it as though the real estate had never been referred to therein.

■ The deed and will being wholly inconsistent with each other, we do not think it can logically be contended that when testatrix executed and delivered the deed, that the real estate conveyed thereby was burdened with the terms and nature of the testamentary disposition made approximately one year and a half prior to the delivery and acceptance of the deed. There are no inconsistent provisions in the deed or no contingencies therein appearing by reason of which the title should not pass, unencumbered, to the grantee. The testatrix must have had some intention to alter or change her will in so far as it affected the real estate conveyed when she made the deed, otherwise, she would not have made an unconditional deed. She made no

change by codicil, or otherwise, in her will. By the deed she was wholly divested of all title and interest in said real estate, as well as all control over the same, when she executed the deed, which operated as a revocation of the will in so far as said real estate was concerned. To require appellant to pay $1200.00 out of her share of testatrix' estate to other heirs and devisees would clearly defeat, rather than carry out, the intention of testatrix in disposing of her property.

From what has been said, it follows that the decree of the District Court is reversed and the cause remanded with instructions to modify the decree and orders of the Probate Court and eliminate therefrom all references to the real estate heretofore referred to and known as the "Anna Stone house" and to expunge therefrom all references charging $1200.00 against appellant's share in the estate of testatrix. However, the value of the furniture and household effects described in the will, existing at the time of testatrix' death, should be ascertained by the Probate Court and deducted from the one-fourth interest devised to Mrs. Stone.

Costs to appellant.

Ailshie, Givens, and Dunlap, JJ., concur.

HOLDEN, C.J., dissenting in part and concurring in part.—I concur with the majority in holding that after the house and lot were conveyed to Anna A. Stone, the same were no longer a part of the estate and that title thereto vested in her by virtue of the deed; otherwise, I dissent and place my dissent upon *Pickett v. Leonard,* (N.C.) 10 S.E. 466.